# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 42189

| | |
|---|---|
| JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, JOHN DOE V, JOHN DOE VI, JOHN DOE VII, JOHN ELLIOTT, <br><br>   Plaintiffs-Appellants, <br><br> v. <br><br> BOY SCOUTS OF AMERICA, CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, <br><br>   Defendants-Respondents. | Boise, June 2015 Term <br><br> 2015 Opinion No. 84 <br><br> Filed:  August 27, 2015 <br><br> Stephen W. Kenyon, Clerk |

Appeal from the United States District Court by Certification re Questions of Law to the Idaho Supreme Court.

The Supreme Court held Idaho's fraud statute of limitations, Idaho Code section 5-218(4), applies to constructive fraud claims and that the discovery rule under that statute applies in determining when a constructive fraud cause of action accrues.

Chasan & Walton, LLC, Boise, and Dumas Law Group, Portland, for appellants. Gilion C. Dumas argued.

Anderson Banducci, PLLC, Boise, for respondent Church of Jesus Christ of Latter-Day Saints. Thomas A. Banducci argued.

Moffatt Thomas, Boise, for respondent Boy Scouts of America. Stephen R. Thomas argued.

_____

BURDICK, Justice

This case comes to the Idaho Supreme Court as a certified question from the United States District Court for the District of Idaho.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The underlying case arose out of the claims of several men who joined Boy Scout troops when they were children and were allegedly sexually abused by their scout leaders. The Church of Jesus Christ of Latter Day Saints (LDS Church) sponsored some of the troops at issue in this case. On June 24, 2013, Does I–IV[1] filed a complaint—which was later amended—against Boy Scouts of America and the LDS Church (collectively, Respondents), alleging constructive fraud.[2] The complaint alleged that Respondents knew that boys in Scouting were in danger of being sexually abused by adult volunteers and that Respondents failed to disclose that danger. The complaint further alleged that Respondents not only remained silent about the dangers of pedophilic scoutmasters, but also affirmatively represented to the boys that each scout leader was a "great guy," a "wonderful man," or a "friend to whom you can always turn for advice."

Respondents subsequently moved to certify questions to the Idaho Supreme Court, challenging the constructive fraud claims on several grounds. The United States District Court certified two narrow questions to this Court, which accepted certification on July 25, 2014, and designated the Does as Appellants and the Boy Scouts and the LDS Church as Respondents.

## II.   STANDARD OF REVIEW

Courts of the United States may certify a controlling question of law in a pending action to the Idaho Supreme Court where there is no controlling precedent in Idaho Supreme Court decisions and the determination would materially advance the orderly resolution of the litigation in the United States court. *St. Luke's Magic Valley Reg'l Med. Ctr. v. Luciani*, 154 Idaho 37, 39–40, 293 P.3d 661, 663–64 (2013) (citing I.A.R. 12.3(a)). The Court's role "is limited to answering the certified question" when the question presented is narrow. *Peone v. Regulus Stud Mills, Inc.*, 113 Idaho 374, 375, 744 P.2d 102, 103 (1987) (noting that "to now decide [extraneous matters] would result in an advisory opinion on a question not certified"). This Court exercises free review over questions of law. *Harrigfeld v. Hancock*, 140 Idaho 134, 136, 90 P.3d 884, 886 (2004).

## III.   CERTIFIED QUESTIONS OF LAW

---

[1] The complaint was later amended twice to add additional plaintiffs to the cause of action, bringing the total number of plaintiffs to sixteen. For the purposes of this opinion, the plaintiffs will be referred to collectively as "Appellants."
[2] More specifically, all of the Appellants have sued the Boy Scouts organization, but only eight of the sixteen also sued the LDS Church.

The United States District Court for the District of Idaho certified the following questions:

1. What statute of limitations applies to a constructive fraud claim where plaintiff alleges that a breach of duty resulted in sex abuse?
2. When does a claim for constructive fraud related to childhood sex abuse accrue?

We rephrase the questions as: (1) which statute of limitations applies to constructive fraud causes of action; and (2) when does a constructive fraud cause of action accrue. This is because the facts underlying the constructive fraud claim only bear on whether the substance of the plaintiff's cause of action is constructive fraud, or something else.

Under Idaho law, in determining which statute of limitations applies to a cause of action, courts must focus on the substance, rather than the form of a plaintiff's allegations.[3] *Trimming v. Howard*, 52 Idaho 412, 416, 16 P.2d 661, 662 (1932). Based on that legal principle, Respondents, and in particular the Boy Scouts, spend much of their time arguing that the underlying claim in this case is better characterized as a personal injury claim and that the

---

[3] The Federal District Court also indicated that it is unclear in Idaho how the "substance" of a claim is determined. Specifically, the District Court stated:

> Additionally, while many courts repeat the rule that "the substance, not the form" governs when determining which statute of limitations applies, courts disagree as to what "substance" means in this context. Some say you look to the ultimate harm suffered, or damages claimed, to figure out the "substance" of the claims, while others say you do not. At least one commentator has highlighted the difficulty of defining the "substance" of any given claim: "To say that the substance or nature of the claim determines the applicable limitations period, however, is merely to beg the question: the nature of what aspect of the claim?" Eli J. Richardson, *Eliminating the Limitations of Limitations Law*, 29 Ariz. St. L.J. 1015, 1030 (Winter 1997). Given this uncertainty, along with the potentially far-reaching implications of accurately characterizing the "substance" of plaintiffs' claims and then selecting the governing statute of limitations, the Court will certify this question to the Idaho Supreme Court: What statute of limitations applies to a constructive-fraud claim where plaintiff alleges that a breach of duty resulted in sex abuse? The Court's phrasing of the question is not intended to restrict the Idaho Supreme Court's consideration of the issue.

Although this opinion is limited to addressing which statute of limitations applies to constructive fraud claims, we offer guidance as to how to determine the "substance" of a claim under Idaho law for purposes of applying the appropriate statute of limitations. As this Court said in *Barnett v. Aetna Life Ins. Co.*, 99 Idaho 246, 580 P.2d 849 (1978): "The substance, not the form, of the action controls and determines the applicable Statute of Limitations." This Court has elaborated that "[t]he test . . . is not whether the fraud or mistake occurred in a contract or independently of contract, but the test rather is whether the action seeks relief from or on account of fraud or mistake." *DBSI/TRI V v. Bender*, 130 Idaho 796, 809, 948 P.2d 151, 164 (1997) (internal citations omitted). Thus, the focus in Idaho is not on the remedy sought or the type of damages, but on the source of the damages. Applying that legal principle to this case, the issue is whether John Doe's action seeks relief from or on account of constructive fraud.

3

personal injury statute of limitations should apply.[4] However, the Federal District Court rejected this argument and suggested that the claim was indeed a claim for constructive fraud rather than personal injury or something else. The Federal District Court stated:

> [P]laintiffs are not complaining that the Boy Scouts and the LDS Church sexually abused them; they are complaining that these institutions deceived them by telling them to trust their Scoutmasters and, at the same time, not telling them about the dangers of pedophilic Scoutmasters. So in that sense, plaintiffs are not pursuing personal-injury claims; they are pursuing fraud claims.

Thus, the Appellants' constructive fraud claim may very well have had characteristics of a personal injury claim, or may have been insufficiently pled, but that issue is not before this Court. Rather, from the Certification Order, the narrow issue before this Court is which statute of limitations applies to a constructive fraud claim. Thus, this opinion will not address whether Appellants' claims are more appropriately characterized as constructive fraud, personal injury, or any other claim. That is for the Federal District Court to decide. If this Court were to decide the true nature of Appellants' claim, it would result in an advisory opinion on a question not certified. Thus, for purposes of this opinion, it will be assumed, without deciding, that the Appellants in the underlying action asserted a constructive fraud claim.

**A. Idaho Code section 5-218(4)'s statute of limitations applies to constructive fraud cases in Idaho.**

In its order certifying questions to this Court, the Federal District Court noted that the question of which statute of limitations applies in constructive fraud cases is still up in the air in Idaho. The District Court identified three potential candidates: Idaho Code section 5-218(4), which governs fraud claims; Idaho Code section 5-219(4), which governs personal injury claims; and Idaho Code section 5-224, which is a catch-all statute of limitations. Appellants argue that Idaho's fraud statute of limitations applies, while Respondents assert that either Idaho's personal injury statute of limitations or Idaho's catch-all statute of limitations should apply.

Because the Federal District Court rejected the argument that the underlying claim was a personal injury claim, Idaho's personal injury statute of limitations is not applicable here. It certainly should not apply to constructive fraud claims as a class because constructive fraud generally results in an economic harm rather than personal injury. Idaho's personal injury statute of limitations does not contemplate the type of harm that results from constructive fraud. Indeed,

---

[4] In fact, both parties spend a great deal of time arguing issues that are simply not before this Court on certification. Thus, only the parties' arguments that are relevant to the narrow issues on Certification will be addressed in this opinion.

4

Idaho Code section 5-219(4) only applies to personal injury claims and requires filing within two years:

> [a]n action to recover damages . . . for an injury to the person . . . the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by any reason of any continuing consequences or damages resulting therefrom or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer . . . .

Thus, although this statute of limitations may have applied had the Federal District Court concluded that the underlying action was actually a personal injury claim, the statute is wholly inapplicable to constructive fraud claims generally. The question then is whether the catch-all statute of limitations or the fraud statute of limitations should apply.

Under Idaho Code section 5-218(4), actions for relief on the ground of fraud or mistake must be brought within three years. Idaho's catch-all statute of limitations applies to causes of action that do not otherwise fall under another statute of limitations. Indeed, Idaho Code section 5-224 provides that "[a]n action for relief not hereinbefore provided for must be commenced within four (4) years after the cause of action shall have accrued." Thus, if Idaho's fraud statute of limitations does not apply to constructive fraud claims, the catch-all statute of limitations will apply.

Idaho Code section 5-218(4)'s plain language does not include constructive fraud as a claim governed by its statute of limitations. However, in *Hillock v. Idaho Title & Trust Co.*, this Court was confronted with the issue of which statute of limitations applied where Hillock brought an "action for relief on the ground of mistake, or the constructive fraud resulting therefrom." 22 Idaho 440, 126 P. 612 (1912). In that case, Hillock hired Idaho Title and Trust in April of 1907 to prepare a title abstract for a tract of land. *Id.* at 443, 126 P. at 613. Hillock subsequently relied on the accuracy of the certificate and abstract to purchase the land. *Id.* However, in September of 1911, Hillock discovered for the first time that the abstract failed to disclose an outstanding tax deed on the tract of land. *Id.* Hillock brought suit in January of 1912, seeking damages for the amount of money it cost to remove the tax deed and clear title to the property. *Id.* Idaho Title and Trust filed a demurrer on the grounds that the statute of limitations barred Hillock's claims. *Id.* The trial court sustained the demurrer, and Hillock appealed. *Id.*

On appeal, Hillock asserted that the fraud statute of limitations applied because the action was "an action for relief on the ground of mistake, or the constructive fraud resulting therefrom."

*Id.* at 444, 126 P. at 613. Idaho Title and Trust argued the trial court correctly determined that the statute of limitations for actions in contract governed and barred plaintiff's claims. *Id.* This Court reversed the trial court and held, without distinguishing between mistake and constructive fraud, that the fraud statute of limitations applied and that the cause of action did not accrue until the plaintiffs discovered the facts constituting the fraud or mistake. *Id.* at 446, 126 P. at 614. Specifically, this Court stated: "if those representations are untrue, whether they be caused by mistake or actual fraud, it amounts in law to a fraud upon the purchaser of the abstract . . . [and] it seems to us he would have his action for false or fraudulent misrepresentation . . . ." *Id.* The Court went on to note:

> The test, therefore, under subd. 4 of section 4054, is not whether the fraud or mistake occurred in a contract or independently of contract, but the test rather is whether the action seeks relief from or on account of a fraud or mistake.
>
> In this case the allegations are that a false certificate was delivered, and that the certificate was false by reason of a mistake made on the part of the abstractor. The whole transaction and consequent damage sustained harks back to the contract, but is no less a mistake and fraudulent representation. Although a misrepresentation is made through mistake of the facts as they actually exist, when such misrepresentation is made by one whose duty it is to know the facts and who represents himself as possessing all the facts with reference to the matter, the misrepresentation is in law equally as fraudulent and actionable as if it had been knowingly made.

*Id.* at 450, 126 P. at 616. The Court went on to hold that the fraud statute of limitations applied. *Id.* Thus, although the Court did not explicitly hold that the fraud statute of limitations applies to constructive fraud claims, by not distinguishing between constructive fraud, fraud, and mistake, the Court implicitly held that actions arising out of fraud, mistake, and constructive fraud all fall under the purview of the fraud statute of limitations.

Furthermore, this Court has suggested in other cases that the fraud statute of limitations would apply to constructive fraud claims. For instance, in *Nancy Lee Mines, Inc. v. Harrison*, 95 Idaho 546, 547, 511 P.2d 828, 829 (1973), this Court alluded to the fact that it would apply the fraud statute of limitations to a constructive fraud claim. There, Nancy Lee Mines sued Harrison's estate to recover stock Harrison purchased at two separate stock assessment sales. *Id.* at 546, 511 P.2d at 828. Intervenors in the suit alleged that Harrison had committed fraud in connection with the stock assessment sales. *Id.* It is unclear whether the intervenors alleged actual fraud or constructive fraud or both; the background description only states that they alleged "fraud and illegal procedures" surrounding the stock sales. *Id.* However, in analyzing the

issues, this Court stated that "the action" would be barred by the statute of limitations "[u]nless there was undiscovered fraud . . . ." *Id.* at 547, 511 P.2d at 829. In discussing the undiscovered fraud, this Court assumed it could either be actual or constructive fraud:

> [T]he statute does not begin to run in fraud cases 'until the discovery' of the fraud. However, actual knowledge of the fraud will be inferred if the allegedly aggrieved party could have discovered it by the exercise of due diligence. It is unnecessary to consider the issue of whether or not there was any fraud (actual or constructive) in this case. If there was any fraud it could have been discovered in the exercise of reasonable diligence at the time it was alleged to have been committed.

*Id.* at 547, 511 P.2d at 829 (footnote omitted). Thus, in *Nancy Lee*, this Court suggested that the statute of limitations for fraud would apply to constructive fraud claims.

Similarly, in *Witt v. Jones*, 111 Idaho 165, 172–73, 722 P.2d 474, 481–82 (1986), Justice Bistline's dissent suggested that Idaho's fraud statute of limitations should apply to constructive fraud claims. In his dissent, Justice Bristline quoted the following language from a California Supreme Court case dealing with the appropriate statute of limitations for a constructive fraud claim:

> The statute of limitations to be applied is determined by the nature of the right sued upon, not by the form of the action or the relief demanded. The remedy sought here, i.e., the imposition of a constructive trust, is used to prevent unjust enrichment or to compel restoration of property by one who is not justly entitled to it. The usual situation in which the relief is granted is found in cases where the substantive basis of the action is that the property has been obtained through actual fraud, violation of a confidential relationship, or breach of trust.
>
> The basis of the present action is that Mary violated confidential relationships with her husband and with Eva by failing to perform her part of the agreement after she had benefited from her husband's performance. Such a violation of a confidential relationship constitutes constructive fraud and where, as here, unjust enrichment results a constructive trust may be imposed. The fact that a breach of contract is involved is not decisive as to the applicable statute of limitations. In *Souza v. McCue Construction Co. v. Superior Court*, 57 Cal. 2d 508, 511, 20 Cal. Rptr. 634, 370 P. 2d 338, we held that section 338, subdivision 4, of the Code of Civil Procedure, relating to relief on the ground of fraud, was applicable where the action was based on a fraudulent breach of a contractual duty. Constructive fraud is the substantive basis of the action to impose a constructive trust in the present case, and where constructive fraud is the gravamen of the action the three-year period prescribed in section 338, subdivision 4, of the Code of Civil Procedure applies. Since this action was filed within three years after Mary's death, it is not barred by the statute.

7

*Id.* (internal citations omitted) (quoting *Day v. Greene*, 59 Cal. 2d 404, 29 Cal. Rptr. 785, 380 P.2d 385 (1963)). Justice Bistline went on to note that Idaho's fraud statute was patterned after California's fraud statute, which implies that Idaho's fraud statute would apply to constructive fraud claims. *Id.* The foregoing cases illustrate this Court's inclination to apply the fraud statute of limitations to constructive fraud claims.

Additionally, the proof required for fraud and constructive fraud claims lends further strength to the conclusion that the fraud statute of limitations applies to constructive fraud claims. Under Idaho law, actual fraud consists of nine elements that a plaintiff must prove by clear and convincing evidence. Specifically, to prove actual fraud, a plaintiff must show: (1) a statement or a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury. *Glaze v. Deffenbaugh*, 144 Idaho 829, 833, 172 P.3d 1104, 1108 (2007) (quoting *Mannos v. Moss*, 143 Idaho 927, 931, 155 P.3d 1166, 1170 (2007)) (internal quotation marks omitted).

Similarly, a constructive fraud claim requires a plaintiff to prove seven of the nine elements of fraud, as well as a relationship of trust and confidence. Indeed, as the Court stated in *McGhee v. McGhee*, 82 Idaho 367, 371, 353 P.2d 760, 762 (1960):

> Constructive fraud is a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests. Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud.

(quoting 37 C.J.S. Fraud § 2, p. 211). This Court went on to state that "[i]n its generic sense, constructive fraud comprises all acts, omissions and concealments involving a breach of legal or equitable duty, trust, or confidence," which result in damage to another. *McGhee*, 82 Idaho at 371, 353 P.2d at 762. Thus, "[c]onstructive fraud usually arises from a breach of duty where a relation of trust and confidence exists; such relationship may be said to exist whenever trust or confidence is reposed by one person in the integrity and fidelity of another." *Id.*; *Hines v. Hines*, 129 Idaho 847, 853, 934 P.2d 20, 26 (1997) ("An action in constructive fraud exists when there has been a breach of a duty arising from a relationship of trust and confidence, as in a fiduciary duty."). "Examples of relationships from which the law will impose fiduciary obligations on the parties include when the parties are: members of the same family, partners, attorney and client,

executor and beneficiary of an estate, principal and agent, insurer and insured, or close friends." *Gray v. Tri-Way Const. Servs., Inc.*, 147 Idaho 378, 386, 210 P.3d 63, 71 (2009).

"The gist of a constructive fraud finding is to avoid the need to prove intent (i.e., knowledge of falsity or intent to induce reliance) [under the elements required to prove actual fraud], since it is inferred directly from the relationship and the breach." *Country Cove Dev., Inc. v. May*, 143 Idaho 595, 601, 150 P.3d 288, 294 (2006). In sum, if a plaintiff establishes that there has been a breach of duty arising from a relationship of trust and confidence, the plaintiff is not required to prove (1) the speaker's knowledge of the falsity regarding the statement or representation of fact, or (2) the speaker's intent that the hearer rely on the statement or representation of fact, to sustain a claim of constructive fraud. *See Country Cove*, 143 Idaho at 601, 150 P. 3d at 294. However, the party is still required to prove the remaining seven elements of actual fraud. *Gray*, 147 Idaho at 386, 210 P.3d at 71. Because the elements of a constructive fraud claim are essentially the same as the elements of fraud claims, it follows that the same statute of limitations should apply to both claims.

However, Respondents argue that because this Court has compared constructive fraud claims to breach of fiduciary duty claims, Idaho's catch-all statute of limitations should apply to constructive fraud claims. Specifically, Respondents point out that this Court has applied Idaho Code section 5-224 to cases involving a breach of fiduciary duty, and that because this Court has reasoned that a constructive fraud claim is essentially a breach of fiduciary duty claim, Idaho Code section 5-224 should apply. We disagree.

Although this Court has held that Idaho's catch-all statute of limitations applies to breach of fiduciary duty claims, *Jones v. Runft, Leroy, Coffin & Matthews, Chartered*, 125 Idaho 607, 614, 873 P.2d 861, 868 (1994), we have never explicitly held that a breach of fiduciary duty is required to establish a constructive fraud claim. Rather, the law outlined above illustrates that constructive fraud contemplates relationships outside of a fiduciary relationship. Indeed, in *Hines v. Hines*, 129 Idaho 847, 853, 934 P.2d 20, 26 (1997), this Court noted that "an action in constructive fraud exists when there has been a breach of a duty arising from a relationship of trust and confidence, *as in* a fiduciary duty." *See also McGhee*, 82 Idaho at 371, 353 P.2d at 762 ("Constructive fraud usually arises from a breach of duty where a relation of trust and confidence exists; such relationship may be said to exist whenever trust or confidence is reposed by one person in the integrity and fidelity of another."). Thus, a fiduciary relationship is only one

example of the kind of relationship of trust and confidence that can give rise to a constructive fraud claim.

What is more, showing a breach of a legal or equitable duty, trust, or confidence is only a part of proving a constructive fraud claim: a plaintiff is still required to prove the other seven elements of fraud as outlined above. In other words, despite being similar in several respects, a breach of fiduciary duty claim and constructive fraud claim are two distinct causes of action. *See Country Cove Dev., Inc. v. May*, 143 Idaho 595, 601, 150 P.3d 288, 294 (2006) (addressing constructive fraud claims and breach of fiduciary duty claims separately, which suggests they are in fact distinct causes of action). Indeed, "'[t]o establish a claim for breach of fiduciary duty, [a] plaintiff must establish that defendants owed plaintiff a fiduciary duty and that the fiduciary duty was breached.'" *Bushi v. Sage Health Care, PLLC*, 146 Idaho 764, 769, 203 P.3d 694, 699 (2009) (quoting *Tolley v. THI Co.*, 140 Idaho 253, 261, 92 P.3d 503, 511 (2004)). Constructive fraud, on the other hand, requires a plaintiff to show a breach of a duty where a relationship of trust or confidence exists *along with* the other seven elements of actual fraud. *Gray*, 147 Idaho at 386, 210 P.3d at 71. Thus, while a constructive fraud claim may include a breach of fiduciary duty, it does not necessarily follow that a breach of fiduciary duty always results in constructive fraud, nor is a breach of fiduciary duty required to establish constructive fraud. Thus, we conclude that a constructive fraud claim is not removed from the fraud statute of limitations merely because it involves a breach of fiduciary duty.

Our sister courts are in line with this reasoning and in concluding that fraud statutes of limitations govern constructive fraud claims. For instance, the Montana Supreme Court, after noting that it previously defined constructive fraud as fraud, held that Montana's statute of limitations for actions on the ground of "fraud or mistake" applied to constructive fraud cases. *Tynes v. Bankers Life Co.*, 730 P.2d 1115, 1120 (Mont. 1986) ("[A] cause of action premised on constructive fraud is subject to a two-year [fraud] statute of limitations."). The Montana Supreme Court reached that conclusion even though it acknowledged that constructive fraud claims in Montana—like constructive fraud claims in Idaho—involve a "breach of duty" and do not require fraudulent intent. *Id.* at 1124–25 (Weber, J., dissent). Similarly, the Supreme Court of Virginia construed Virginia's fraud statute of limitations to contemplate both actual and constructive fraud even though that statute made no distinction between the two. *Excalibur Ins. Co. v. Speller*, 257 S.E.2d 848, 850 (Va. 1979). Indiana courts have also held that Indiana's six-

10

year statute of limitations for fraud applies to constructive as well as actual fraud. *Wells v. Stone City Bank*, 691 N.E.2d 1246, 1250 (Ind. Ct. App. 1998). Finally, California courts have recognized that California's fraud statute, which is similar to Idaho's fraud statute,[5] applies to constructive fraud claims. *Santa Cruz Cnty. v. McLeod*, 189 Cal. App. 2d 222, 229-30, 11 Cal. Rptr. 249, 253-54 (Ct. App. 1961). There, the court noted:

> The code section makes no distinction between actual fraud, constructive fraud, and mistake insofar as the tolling of the statute is concerned. It commences to run upon discovery in all three cases.
>
> * * * this [period under Code Civ.Proc. § 338, subd. 4] does not begin to run until the fraud or mistake has been discovered * * *. And these rules relating to the computation of the period from the discovery of the fraud apply as well to the discovery of mistake.
>
> 'Those provisions [Code Civ.Proc. § 338, subd. 4] apply as well in cases involving constructive fraud * * * and the period of limitation is therefore three years from the discovery of the fraud.'

*Id.* (internal citations omitted) (internal quotation marks omitted).

The foregoing case law illustrates that the fraud statute of limitations applies to constructive fraud claims even though those claims may also involve a breach of fiduciary duty. We are persuaded to follow the line of cases from our sister courts that hold that the fraud statute of limitations govern constructive fraud claims. We note again that it is left for the trial courts to determine whether a plaintiff's cause of action is, in substance, a true constructive fraud claim, or a breach of fiduciary duty claim or something else. The appropriate characterization of John Doe's cause of action in this case is not before this Court. We therefore hold that Idaho Code section 5-218(4) governs constructive fraud claims. Thus, the only issue left to decide is when a constructive fraud cause of action accrues.

**B. The discovery rule applies to constructive fraud claims for purposes of determining when the cause of action accrued.**

Appellants argue that the discovery rule under Idaho's fraud statute of limitations should apply to constructive fraud claims due to the inherent difficulty in discovering the underlying fraud in such cases. Respondents, on the other hand, argue that a constructive fraud cause of action, where the plaintiff alleges a breach of duty resulting in sex abuse, accrues when the

---

[5] California's fraud statute reads: "An action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Civ. Proc. Code § 338(d).

sexual abuse occurs because the abuse is immediately discoverable by a reasonable person and the sex abuse puts the plaintiff on notice that they have a potential constructive fraud claim.

Idaho Code section 5-218(4) provides that fraud causes of action do not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." In *McCoy v. Lyons*, 120 Idaho 765, 820 P.2d 360 (1991), this Court addressed that aspect of Idaho Code section 5-218(4) and held that the statute does not begin to run until the plaintiff knew or reasonably should have known of the facts constituting the fraud. The Court explained that "discovery," as used in the statute, means the point in time when the plaintiff had actual or constructive knowledge of the facts constituting the fraud and that application of Idaho Code section 5-218(4) does not depend on when the plaintiff should have been aware that something was wrong. *Id.* at 773, 820 P.2d at 368. Because we conclude that Idaho Code section 5-218(4) applies to constructive fraud claims, it follows that the statute's discovery rule also applies to constructive fraud claims.[6] Thus, when the constructive fraud cause of action accrued will be a question of fact for the Federal District Court based on when the Appellants had actual or constructive knowledge of the facts constituting the constructive fraud.

## IV. CONCLUSION

Based on the foregoing, we hold that Idaho's fraud statute of limitations, Idaho Code section 5-218(4), applies to constructive fraud claims and that the discovery rule under that statute applies in determining when a constructive fraud cause of action accrues.

Chief Justice J. JONES and Justices EISMANN, HORTON and WALTERS, J., Pro tem, **CONCUR.**

---

[6] The Federal District Court recognized this in its Certification Order:

> The logical first step would be to determine which statute of limitations applies. If, for example, the Idaho Supreme Court were to hold that the fraud statute of limitations applies, then the statute itself would appear to directly answer the question. It expressly states that fraud claims do not accrue "until discovery, by the aggrieved party, of the facts constituting the fraud . . . ." Idaho Code § 5-218(4); *see also Nancy Lee Mines*, 511 P.2d at 829 (assuming fraud action would not accrue until failure to discover constructive or action fraud). But if the Idaho Supreme Court determines that a different limitations statute governs, then a discovery rule arguably might not apply.