**CHASAN & WALTON, LLC**
ANDREW M. CHASAN, ISB #2100
E-mail: andrew.chasan@chasanwalton.com
TIMOTHY C. WALTON, ISB #2170
E-mail: timwalton2000@hotmail.com
P.O. Box 1069
Boise, Idaho 83701
Phone: 208-345-3760
Fax: 208-345-0288

**DUMAS LAW GROUP, LLC**
GILION C. DUMAS, ISB #8176
E-mail: gilion@dumaslawgroup.com
ASHLEY L. VAUGHN, admitted *pro hac vice*
E-mail: ashley@dumaslawgroup.com
516 SE Morrison St., Suite 309
Portland, OR 97214
Phone: 503-952-6789

   *Of Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE I-XIX, AND JOHN ELLIOTT,<br><br>                    Plaintiffs,<br><br>    v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to business in Idaho,<br><br>                    Defendants. | Case No. 1:13-cv-00275-BLW<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THIRD AMENDED COMPLAINT TO ADD FRAUD CLAIM** |

# REPLY IN SUPPORT

## I. INTRODUCTION[1]

Plaintiffs move this Court for an order allowing them to amend their operative Third Amended Complaint to add a claim for actual fraud and to make minor housekeeping edits. Defendants oppose Plaintiffs' proposed amendment to add a claim for fraud because they argue that the request to amend comes too late and, regardless of the timing, would be futile.  Neither of Defendants' arguments are reasons to deny Plaintiffs' request.  Plaintiffs' request is timely because the deadlines articulated in the original Case Management Order are moot, given the procedural history of the case.  Additionally, the amendments are minor and come several months before a pretrial mediation is scheduled and even before a trial date has been set. Defendants are not prejudiced by the timing or substance of Plaintiffs' proposed amendments, therefore Plaintiffs ask this Court to allow the amendment.

## II. ARGUMENT

### A. *This Motion is Timely, Given the Posture of the Case.*

While Defendants are correct that Plaintiffs have amended their original Complaint four times, those amendments were different in nature and unrelated to Plaintiffs' current proposed amendment.  The prior amendments were to add additional Plaintiffs.  This proposed amendment technically adds a new cause of action, but one based on the same exact facts and that Plaintiffs believe they already sufficiently pleaded in the prior Complaints.  Plaintiffs believe that, even without their proposed amendments, the operative Third Amended Complaint

---

[1] Plaintiffs moved this Court to allow them to amend their Third Amended Complaint to add a cause of action for fraud and to make other housekeeping amendments. Defendants' arguments are aimed only at Plaintiffs' proposed amendment to add a fraud cause of action, therefore Plaintiffs do not focus on the other proposed amendments.

states a cause of action for fraud, even if the allegations are not specifically labeled as such. By this proposed amendment, Plaintiffs seek simply to make clear that they are alleging both constructive fraud *and* actual fraud.

Defendants argue that Plaintiffs rely on the incorrect standard for amendment, as Plaintiffs argue that this amendment should be "freely given" under FRCP 15 because, for the reasons argued, "justice so requires." Defendants argue that the deadline for amending the Complaint has passed, so the FRCP 16 "good cause" standard for amending a case Scheduling Order should apply. But the deadline Defendants rely on no longer applies in this case. The deadlines in the earlier Case Management Order, including the deadline for motions to amend, were rendered moot when this Court certified questions for appeal to the Idaho Supreme Court. It seems unlikely, for example, that Defendants would agree that the deadline for them to file summary judgment motions found in that same Case Management Order has also passed and that they are heading for mediation with no right to file summary judgment motions should the case not settle.

At this point, the parties are operating under a limited Case Management Order providing for limited discovery followed by a mediation before the end of September. The Order contains no deadlines for full discovery, dispositive motions, amendments, or trial. While the Order does not expressly address this Motion to Amend, Plaintiffs' counsel did discuss their intention of filing the motion at the case management conference leading to the Order, and the Court indicated a willingness to hear the motion. Because no deadline for motions to amend in the operative Case Management Order has passed, this motion is timely and the "freely given" standard in Rule 15 supports granting it.

/ / /

### B. *Plaintiffs' Proposed Amendments are not Futile Because Plaintiffs Sufficiently Plead a Fraud Claim.*

Plaintiffs' proposed amendments are not futile because Plaintiffs have pleaded, in detail, the factual circumstances comprising Defendants' constructive and actual fraud. Plaintiffs' allegations of fraud meet the general pleading requirements of FRCP 8 and the heightened pleading requirements of FRCP 9(b). Defendants' argument echoes that made by the same Defendants in the previous case of *Tom Doe v. Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, et al.*, Id. U.S. Fed. Dist. Ct. No. 1:09-cv-00351 ("*Tom Doe*"). As this Court is aware, the facts in *Tom Doe* were substantially similar to those in this case. However, the fraud allegations in *Tom Doe* were **not** as detailed as those in this case, yet this Court held that the allegations in *Tom Doe* were pleaded with enough detail to survive Defendants' Motion to Dismiss, which was based on the same FRCP 9(b) argument the same Defendants make here. *See Tom Doe*, Mem. Dec. & Order (Aug. 5, 2011), at 16-20. This Court in *Tom Doe* relied on the same legal standard from the same primary case that Defendants cite in their Response in this case. *Compare id.* at 16 (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc*, 637 F.3d 1047, 1055 (9th Cir. 2011), *with* Resp. at 9 (citing same). If the allegations in *Tom Doe* were sufficient to survive a motion to dismiss, Plaintiffs' allegations in this case surely are, and as such, are not futile.

In *Tom Doe*, this Court explicitly addressed the same nine elements of fraud that Defendants cite in their Response brief in this case. *Compare Tom Doe*, at 16-17 (citing *Lettunich v. Key Bank Nat. Ass'n*, 109 P.3d 1104, 1110 (Idaho 2005), *with* Resp. at 9 (citing same). The Court addressed each element in turn, examining whether Tom Doe's allegations met each element. *See Tom Doe*, at 17-20. The Court found that they did. *Id.* at 19-20 ("The Court therefore concludes that the Third and Fourth Claims for Relief satisfy both the

particularity requirements of Rule 9(b) and the plausibility requirements of Rule 8(a) and *Iqbal/Twombly*.").

Plaintiffs have identified the "who, what, where, when, and why" of Defendants' fraud. Plaintiffs outlined each of the nine elements of fraud, and their allegations supporting those elements, in their Motion to Amend. Plaintiffs are not required to plead evidence. Plaintiffs should not have to plead exactly which member of the LDS Church and the BSA told exactly what statements to each Plaintiff or the Plaintiffs' parents at which location on which day — especially for events that occurred decades ago. Defendants' proposed pleading requirements go above and beyond what is actually required and would impose on Plaintiffs too high — in fact, almost an impossible — pleading burden. The circumstances of this case are unique. This is not a case in which a person purchased a car from a specific dealer on a specific day, and the dealer made misrepresentations about that specific car. Plaintiffs have alleged that Defendants' conduct was much more pervasive, widespread, and historical, and that each of them were subject to that fraud by being innocent children participating in Scouting. Plaintiffs' claims are detailed and fairly apprise Defendants of the details of Plaintiffs' causes of action. That is all that is required.

A recent Oregon case is instructive. The Oregon Court of Appeals in *Williams v. Philip Morris* found that in cases such as this one, in which the plaintiff alleges that the defendant endeavored to create a fraudulent wide-ranging impression about something, the plaintiff is not required to plead or *even present evidence* of every explicit misrepresentation perpetuated by the defendant. 182 Or. App. 44, 48 P.3d 824 (2002). In *Williams*, the widow of decedent Jesse Williams filed an action, including claims for negligence and fraud, against Phillip Morris to recover for compensatory damages related to her husband's death from lung cancer. *Id*. at 47.

The jury found for the plaintiff on her fraud claims, and the defendant appealed several rulings pertaining to the fraud claim.  *Id*.  The defendant's primary argument against Williams's fraud claim was that, according to the defendant, the "alleged false representation must be identified specifically so that it can be critically examined[,]" and "there [was] no evidence that [the defendant] made any representation to Williams or that Williams relied on any representation that it may have made."  *Id*. at 50-51.  The Oregon Court of Appeals disagreed.  The court held that "the plaintiff's theory fits comfortably within traditional common law principles."  That theory was that:

> [D]efendant conveyed the message that plaintiff describes over many years and in many ways, intentionally creating an impression on which it intended Williams and other smokers to rely.  The length of the time over which defendant conveyed the message, and the nature of the misrepresentations on which Williams relied, make it unlikely that plaintiff could single out a specific instance from all of the representations that Williams received.  Defendant's purpose was to create an impression in the public's mind — including smokers like Williams — that the health issue remained undecided.

*Id*. at 55.  The court then examined the evidence that was presented — that Williams received the general message that the defendant intended to communicate to the public through various media sources such as newspaper and magazine advertisements — and found that the evidence was sufficient to allow a jury to find that Williams relied on the defendant's fraudulent conduct, even though he could not point to specific misrepresentations that he relied upon.  *Id*. at 58-59.

Plaintiffs' allegations are similar in nature to those in Williams.  Plaintiffs alleged that through silence, explicit misrepresentations, actions, and active concealment of facts, Defendants in this case created a decades-long impression of Scouting as a safe, trustworthy, wholesome institution in order to preserve their financial interests and reputation.  Plaintiffs relied upon the impression created by Defendants.  Plaintiffs have alleged examples of explicit misrepresentations that they (and their parents) relied upon, but Plaintiffs are not required to

plead *every* explicit misrepresentation Defendants made that Plaintiffs could have been exposed to during their childhoods. Requiring Plaintiffs to do so would be unreasonable. Regardless, Plaintiffs' allegations are more than sufficient to apprise Defendants of the precise nature of their claims.

Additionally, discovery is already underway in this case. At the time of filing this Reply, Defendants have deposed nine of the twenty Plaintiffs, questioning each about facts constituting fraud. Declaration of Ashley L. Vaughn, ¶ 2, filed herewith. The supposed lack of particularity in Plaintiffs' allegations does not appear to have impeded Defendants' ability to adequately mount a defense.

### C.  *Defendants are not Prejudiced by Plaintiffs' Proposed Amendment.*

The only argument Defendant BSA makes in addition to those arguments by the LDS Defendants that BSA joined is that Defendants will be prejudiced by Plaintiffs' proposed amendments. But BSA's claims of prejudice are vague and speculative and, in reality, non-existent. BSA states that fraud requires proof of additional elements than required for constructive fraud, however, BSA fails to point out that Plaintiffs already pleaded the existence of those elements, as well as the factual bases for supporting them, in their original Complaint. Therefore, BSA was already on notice of them. Also, the LDS Defendants recognize that Plaintiffs did little more to clarify their pleadings than add an additional heading for fraud and delete the word "constructive" from their pleadings. That is because, as Plaintiffs have demonstrated, Plaintiffs' original allegations already stated a claim for fraud. BSA is not now required to defend against substantively different claims and does not have to change it its defense approach. The discovery BSA will have to conduct is unaltered, as is BSA's potential liability. As argued above, Defendants are already defending against Plaintiffs' allegations as

if Plaintiffs had already stated a claim for actual fraud. A trial date has not been set and full discovery has not begun. BSA is not prejudiced by the timing or substance of Plaintiffs' proposed amendments, and its arguments to the contrary are unconvincing.

### III. CONCLUSION

Plaintiffs ask that this Court allow them to amend their Third Amended Complaint to explicitly add a cause of action for fraud and to make other housekeeping amendments.

DATED this 21st day of March, 2016.

/s/ *Ashley L. Vaughn*
Ashley L. Vaughn, *Pro Hac Vice*
Gilion C. Dumas, ISB #8176
**DUMAS LAW GROUP, LLC**

Andrew M. Chasan, ISB #2100
Timothy C. Walton, ISB #2170
**CHASAN & WALTON, LLC**

*Of Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on March 21, 2016, I filed foregoing document **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND THIRD AMENDED COMPLAINT TO ADD FRAUD CLAIM** electronically through the CM/ECF system, which caused the following persons to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*Attorneys for Defendant Boy Scouts of America*

Stephen R. Thomas   srt@moffatt.com
Mindy M. Muller     mmw@moffatt.com
Tyler J. Anderson   tya@moffatt.com

*Attorneys for Defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints and Defendant Corporation of the President of the Church of Jesus Christ of Latter-day Saints and Successors*

Thomas A. Banducci   tab@andersenbanducci.com
Brent S. Bastian     bsb@andersenbanducci.com
Wade L. Woodard      wlw@andersenbanducci.com

/s/ *Ashley L. Vaughn*
Ashley L. Vaughn, *Pro Hac Vice*

*Of Attorneys for Plaintiffs*