UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| JOHN DOES I-XIX, and JOHN ELLIOTT, | Case No. 1:13-cv-00275-BLW |
|---|---|
| Plaintiffs, | MEMORANDUM DECISION AND ORDER |
| v. | |
| BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho, | |
| Defendants. | |

## INTRODUCTION

Pending before the Court is a Motion to Compel filed by Defendant Boy Scouts of America ("BSA"), Dkt. 165, and joined by Defendant Church of Jesus Christ of Latter-Day Saints ("LDS Church"), Dkt. 167. Also before the Court are two unopposed Motions to Seal. Dkts. 160, 168. For the reasons explained below, the Court will grant the Motion to Compel and defer ruling on the Motions to Seal.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

Plaintiffs in this case assert a single claim for constructive fraud against BSA and the LDS Church arising from sexual abuse that occurred several decades ago. Defendants assert a statute of limitations defense, pursuant to Idaho Code section 5-218(4), which states that a cause of action for constructive fraud does not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." The Idaho Supreme Court, on certification from this Court, recently clarified that the statute begins to run when the plaintiff "knew or reasonably should have known of the facts constituting the fraud." *See Doe v. Boy Scouts of Am.*, 356 P.3d 1049, 1052 (Idaho 2015) (*citing McCoy v. Lyons*, 820 P.2d 360 (Idaho 1991)).

In its first set of written interrogatories, BSA inquired about each Plaintiff's first contacts with counsel, purportedly to explore the facts supporting its statute of limitations defense. All responding plaintiffs answered that interrogatory identically, objecting on grounds of attorney-client privilege, work product, and relevance. *Id.* The interrogatories and responses each read as follows:

> **INTERROGATORY NO. 37:** For each Plaintiff who is asserting a claim against the BSA, identify the date You first had contact with an agent, employee, or owner of O'Donnell Clark & Crew, Dumas Law Group or Chasan & Walton, whether You or counsel made the first contact, the Person with whom you had contact, and the date You first retained O'Donnell Clark & Crew, Dumas Law Group or Chasan & Walton to represent You in this matter.
>
> **RESPONSE:** Plaintiff objects to this Interrogatory as blatantly seeking information protected by the attorney-client privilege and work product doctrine, and as not reasonably calculated to lead to admissible evidence. When Plaintiff first contacted and retained his attorneys in this matter has no bearing on the allegations in this case.

*Id.* After an unsuccessful meet and confer, pursuant to Local Rule 37.1, BSA filed the present Motion to Compel responses to Interrogatory No. 37.

## DISCUSSION

**1.     Motion to Compel**

Plaintiffs have withdrawn their original objections to Interrogatory No. 37 on grounds of attorney-client and work product privilege. *See Pl. Resp.* at 2, Dkt. 169. Accordingly, the Court considers only whether the information requested is relevant.

### A.     *Legal Standard*

Federal Rule of Civil Procedure 26(b)(1), as amended effective December 1, 2015, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." If a party served with discovery fails to adequately respond, the serving party may file a motion to compel pursuant to Federal Rule of Civil Procedure 37(a). The Court has broad discretion in deciding whether to compel discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B.     *Analysis*

BSA argues that Interrogatory No. 37 seeks relevant information because the timing of attorney representation will help establish what and when Plaintiffs (and perhaps their attorneys) knew of the alleged constructive fraud, evidence necessary to support BSA's statute of limitations defense.

Numerous courts have held that the nature and timing of a plaintiff's initial contacts with counsel are relevant to a statute of limitations defense, and therefore generally discoverable. *See, e.g.*, *Montgomery v. NLR Co.*, No. 2:05-CV-251, 2007 WL 3171961, at *3 (D. Vt. Oct. 26, 2007) (concluding that the timing and scope of attorney representation are "directly related to the statute of limitations defense"); *Condon v. Petacque*, 90 F.R.D. 53, 55 (N.D. Ill. 1981) (allowing discovery of the dates of plaintiff's initial and subsequent contacts with attorney, as relevant to statute of limitations defense); *see also Doe v. Soc'y of Missionaries of Sacred Heart*, No. 11-CV-02518, 2014 WL 1715376, at *2 (N.D. Ill. May 1, 2014) (timing and content of communications with litigation financing company discoverable on similar grounds); *American Standard, Inc. v. Bendix Corp.*, 80 F.R.D. 706, 708 (W.D. Mo. 1978) (allowing discovery into the attorney investigation of plaintiff's claim); *Bird v. Penn Central Co.*, 61 F.R.D. 43, 47 (E.D.Pa.1973) (same).

The Court agrees that the information sought in Interrogatory No. 37 is relevant to BSA's statute of limitations defense. Interrogatory No. 37 seeks the following facts: (1) the date the plaintiff first had contact with counsel or an agent of counsel; (2) whether the plaintiff or counsel made first contact; (3) the identity of the person with whom the plaintiff had first contact, and (4) the date the plaintiff first retained counsel.

Both (1) the date of first contact and (2) who initiated contact may provide insight into the timing of a plaintiff's knowledge of the facts constituting the alleged constructive fraud. If a plaintiff initiated contact, the attorney conferral might indicate that the plaintiff

already had knowledge of his or her potential claims. Conversely, where counsel initiated contact, the meeting might correspond to the date on which the plaintiff first learned of his or her potential claims. Question (3), regarding the date the plaintiff first retained counsel, is relevant for similar reasons. It is reasonable to assume that more fact-specific communications and investigation regarding a plaintiff's constructive fraud claim began once counsel was retained. Finally, question (4) is likely to identify potential witnesses with information pertinent to the statute of limitations defense.

For the reasons set forth above, the Court concludes that the interrogatory seeks evidence that is "relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), and will grant the Motion to Compel.

**2.     Motions to Seal**

   *A.     Legal Standard*

"[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Parties must "overcome[] this strong presumption" of public access when seeking to maintain the confidentiality of judicial files and records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal documents attached to a dispositive motion has the burden of demonstrating "compelling reasons" for protection that outweigh the public interest. *Id.* at 1178–79. A lesser "good cause" standard applies to documents attached to

non-dispositive motions. *Id.* (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).[1]

The Ninth Circuit Court of Appeals has carved out an exception to the presumption of public access for materials attached to a non-dispositive motion and filed pursuant to a valid protective order. *See Phillips*, 307 F.3d at 1213. In such a case, "the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Id.* (emphasis added). However, if the parties stipulate to a protective order without making a good cause showing, the burden of establishing "good cause" remains with the party seeking protection. *See id.* at 1211 n.1.

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result" if the motion is denied. *Id.* at 1210–11 (internal citation omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether [sealing] is necessary." *Id.* (internal citation omitted). This balancing test should consider the following non-exhaustive factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote

---

[1] "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir.) (quoting Fed. R. Civ. P. 26(c)), cert. denied sub nom. *FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016)).

fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)) (as adopted by the Ninth Circuit in *Phillips*, 307 F.3d at 1211). Finally, "even when the factors in this two-part test weigh in favor of protecting the discovery material . . . , a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424–25 (9th Cir. 2011) (internal citation omitted).

### B.   *Analysis*

Plaintiffs and BSA have each filed a Motion to Seal seeking to protect discovery materials filed in connection with BSA's Motion to Compel, a non-dispositive motion. Dkts. 160, 168. Specifically, BSA seeks to seal the Declaration of Tyler J. Anderson and accompanying exhibits, Dkt. 166, which contain excerpts of deposition transcripts and responses to interrogatories. Plaintiffs seek to seal the Declaration of Timothy C. Walton, Dkt. 171, which contains responses to interrogatories. Although the materials were appropriately filed under seal pursuant to a Stipulated Protective Order, Dkt. 149, that order was approved without any particularized showing or finding of good cause. Accordingly, the burden remains on the moving parties—BSA and Plaintiffs—to establish good cause to keep the documents under seal. *See Phillips*, 307 F.3d at 1211 n.1.

The parties have not adequately established such good cause. There is undoubtedly a compelling interest in keeping private any identifying information regarding the Doe plaintiffs. However, the Court is mindful of the Ninth Circuit's admonition to consider less drastic alternatives to sealing documents. *See In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d at 424–25. Here, it appears that the confidential information can be easily redacted to remove the names and identifying information of Doe plaintiffs, such that the documents can be unsealed. Before ruling on the present motions, however, the Court will permit the parties to provide additional justification for their request to file the documents entirely under seal.

### ORDER

**IT IS ORDERED:**

1. BSA's Motion to Compel Response to Interrogatory No. 37 (Dkt. 165), joined by the LDS Church (Dkt. 167), is **GRANTED**.

2. Plaintiffs shall, on or before May 15, 2017, produce responses to Interrogatory No. 37.

3. The Court will **DEFER RULING** on the parties' Motions to Seal (Dkts. 160, 168). On or before May 3, 2017, Plaintiffs and BSA shall each file a supplemental brief, not to exceed 3 pages, in support of their respective Motions to Seal. The briefing should (1) take into account this circuit's "good cause" standard and (2) explain why redaction is not a viable

alternative to sealing. In the alternative, Plaintiffs and BSA may submit proposed redacted exhibits for the review of the Court and all parties.

4. The Anderson Declaration and accompanying exhibits (Dkt. 166) and Walton Declaration (Dkt. 171) shall remain under seal until further order of this Court.

DATED: April 20, 2017

B. Lynn Winmill
Chief Judge
United States District Court