UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOES I-XIX, and JOHN ELLIOTT,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho,<br><br>    Defendants. | Case No. 1:13-cv-00275-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it the parties' briefs regarding the scope and duration of Defendants' FRCP 35 Examinations. Defendants have proposed two separate Rule 35 Examinations for each Plaintiff, one by a psychologist and one by a psychiatrist, to be

conducted over fourteen hours, on two separate days.[1] Plaintiffs' have objected to Defendants proposal to do two exams, and to take more than ten hours over one day to examine each Plaintiff. For the reasons explained below, the Court orders that Defendants' shall be allowed a single Rule 35 Examination for each Plaintiff, which shall take place for up to twelve hours over two days.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by suitably licensed examiner" upon a showing of good cause. Fed. R. Civ. P. 35(a). Courts have broad discretion to "structure the time and manner of medical examinations." *Nicholas v. Wyndham Intern.*, 218 F.R.D. 122 (D.V.I. 2003). Like other rules of discovery, Rule 35 should be construed liberally in favor of an examination, but the Court must "balance the right of the party to be examined to avoid personal invasion against the moving party's right to a fair trial." *Franco v. Boston Scientific Corp.*, 2006 WL 3065580 (N.D. Cal. Oct. 27, 2006).

## ANALYSIS

The parties do not dispute that Plaintiffs' mental condition is in issue, nor do they question whether good cause exists for Defendants to conduct a Rule 35 examination of

---

[1] In Defendants' brief, they request two and a half days to conduct Rule 35 exams of each Plaintiff. Defendants previously represented to the Court and to Plaintiffs that they are willing to limit their examinations to fourteen hours over two days.

each of the Plaintiffs. Instead, this dispute centers over the length of the examination, and whether Defendants are entitled to conduct two separate interviews by two separate examiners, in addition to a written exam, and produce two separate reports for each Plaintiff.

At the outset, the Court rejects Defendants' suggestion that their proposal – allowing their psychologist to conduct a written exam and an interview, and allowing their psychiatrist to conduct a separate interview exam – constitutes a single Rule 35 exam.  Their argument in that regard defies logic.  Using two mental health professionals to conduct two separate interviews, particularly when they will prepare two separate reports, and offer two opinions at trial, does not sound like a single Rule 35 exam.  The Court will thus consider whether it is proper to subject each Plaintiff to two separate Rule 35 exams.

While there is no Ninth Circuit precedent determinative of whether Defendants are entitled to conduct two exams, the Court finds that persuasive authority exists to support Plaintiffs' contention that two exams are not warranted in this case. *See Vopelak v. Williams*, 42 F.R.D. 387, 389 (N.D. Ohio 1967) ("It seems fair to say that under certain circumstances, a second examination is authorized by the rule, but the court should require a stronger showing of necessity before it will order such repeated examination."). The Court agrees with Defendants that they are "entitled to a 'balanced opportunity' to rebut" Plaintiffs' reports. *Def.'s Br.* at 2, Dkt 228 (citing *Halliday v. Spjute*, 2015 WL 3988903, at *2-3 (E.D. Cal. June 30, 2015). But Defendants have provided no evidence,

nor any authority for why they should be entitled to conduct two examinations. Plaintiffs are each submitting a single report, authored by a single testifying witness, which covers a single written examination and single interview examination. While Defendants have provided evidence that the substance of their proposed interviews will not substantially overlap, they have not made a strong showing as to why a second interview, or separate reports by separate testifying experts, are necessary to rebut Plaintiffs' expert testimony.

As to the duration of the examinations, the Court recognizes that the proposed Rule 35 examinations present a substantial emotional burden to the Plaintiffs. The Court acknowledges that discussing the abuse underlying Plaintiffs claims may be difficult, traumatizing, and mentally and emotionally exhausting. But while some courts have limited defense examinations to a single day in similar cases, *see Pl.'s Br.* at 2, Dkt. 227, there is no rule preventing the Court from exercising its discretion to allow a Rule 35 exam to take place over multiple days, upon a showing of good cause.

Here, Defendants have offered good cause as to why their experts need two days to conduct an appropriate examination of plaintiffs, including a desire to ensure the parties have the flexibility necessary to complete each portion of the examination, as well as to provide time for adequate breaks. The Court recognizes that Plaintiffs may find examination by defense experts to be antagonistic, but there is no evidence that Defendants' experts are anything but neutral practitioners. The Court assumes defense experts will conduct Plaintiffs' examinations with the same professionalism and care as

they would any other patient. Thus, the Court declines to limit Defendants examinations to a single day.

As such, the Court will allow Defendants to conduct examinations lasting up to twelve hours over two days. As discussed above, however, Defendants are only allowed a single examination, consisting of a written session and an interview session, for each Plaintiff. On the basis of this examination, Defendants are allowed to introduce a single report by a single testifying expert. Defendants may determine the structure of their examination within these parameters, e.g., whether they intend to have their psychologist conduct a written examination and their psychiatrist conduct an interview, or whether they intend to have one expert conduct both portions of the examination. Defendants shall also cover Plaintiffs' costs for travel, food, and lodging, as agreed by the parties.

Defendants were obligated to postpone the scheduling of Rule 35 examinations pending resolution of this dispute, and have proposed amending the Case Management Order (Dkt. 139) to allow for extra time to complete expert discovery. As such, the Court finds that the deadlines for completing discovery and filing dispositive motions shall be extended thirty (30) days.

**ORDER**

**IT IS ORDERED:**

1. Plaintiffs shall make themselves available for Defendants' Rule 35 examinations for up to twelve hours over two days.

2. Defendants shall conduct a single Rule 35 examination for each Plaintiff, rand shall introduce no more than one report and testifying expert for each Plaintiff.

3. Defendants shall cover the costs for Plaintiffs' travel, hotel, and meals.

4. All dispositive motions shall be filed by February 8, 2018. All discovery shall be completed by January 18, 2018.

DATED: September 22, 2017

B. Lynn Winmill
Chief Judge
United States District Court