UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOES I-XIX and JOHN ELLIOTT,<br><br>Plaintiffs,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, et al.,<br><br>Defendants. | Case No. 1:13-cv-00275-BLW<br><br>MEMORANDUM DECISION AND ORDER |
| JOHN DOE XX, JOHN DOE XXI, JOHN DOE XXII, SHANE JULIAN, and RILEY GILROY,<br><br>Plaintiffs,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, et al.,<br><br>Defendants. | Case No. 1:17-cv-00184-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Plaintiffs' Motion to Consolidate Cases in Case Nos. 1:13-cv-00275-BLW (Dkt. 207) ("*Doe I*") and 1:17-00184-BLW (Dkt. 14) ("*Doe XX*"). For the reasons explained below, the Court will deny Plaintiffs' motion.

## BACKGROUND

In June 2013, a set of Plaintiffs filed a case alleging that the BSA and the Church Defendants made material misrepresentations about the safety of scouting, upon which

Plaintiffs relied in deciding to participate in Boy Scouts. *Doe I Compl.*, Dkt.1. In May 2017, a separate set of Plaintiffs filed a second case involving similar allegations against the Defendants. *Doe XX Compl.*, Dkt. 1.[1] As a result of the alleged misrepresentations, Plaintiffs in both *Doe I* and *Doe XX* claim they suffered serious physical, mental, and emotional injuries from abuse they suffered at the hands of their Scoutmasters. *Id.*; *Doe I Compl.*, Dkt. 1. In *Doe I*, Plaintiffs only bring claims for constructive fraud against the Defendants. In *Doe XX*, Plaintiffs bring claims for both constructive and actual fraud. The parties are represented by the same attorneys in each case.

*Doe I* has been pending for nearly four-and-a-half years, and deadline to file motions to amend the pleadings was April 21, 2014. From the time in which the Complaint in *Doe I* was filed up until the April 21, 2014 deadline, Plaintiffs in that case filed one amendment as a matter of right, two motions to amend the first Amended Complaint, and a motion to amend the Second Amended Complaint (*Doe I*, Dkts. 5, 23, 30, and 63). In these motions, Plaintiffs sought to join additional plaintiffs. Each motion was granted. Two years after the deadline passed, Plaintiffs in *Doe I* sought to amend their Complaint to add a claim for actual fraud. (*Doe I*, Dkt, 69). The Court denied that motion. (*Doe I*, Dkt. 119).

---

[1] Not all Plaintiffs bring claims against both BSA and the Church Defendants in either *Doe I* or *Doe XX*.

Early in the *Doe I* litigation, the Church Defendants filed a motion to sever Plaintiffs' claims, in which BSA joined. (*Doe I*, Dkts. 10, 16). The Court ordered that twelve of the Plaintiffs' claims be severed for the purposes of trial, but that all the claims remain joined during the pre-trial phase. (*Doe I*, Dkt. 37). The Court may reconsider this ruling after discovery and the filing of dispositive motions.

When Plaintiffs filed *Doe XX*, the case was initially assigned to a magistrate judge. Plaintiffs filed a motion to consolidate both cases in front of this Court for "case management and scheduling purposes." *Pl.'s Br.* at 4, Dkts. 207-1, 14-1. Plaintiffs acknowledged that *Doe I* had "progressed too far in the discovery process for consolidation of discovery or pre-trial motions," and that they were not seeking to consolidate these cases for trial at this time. *Id.*, *Pl.'s Reply* at 2, Dkts. 216, 21. On August 2, 2017, *Doe XX* was reassigned to this Court for all further proceedings.

## LEGAL STANDARD

For cases involving a common question of law or fact, a court may "(1) join the cases for hearing or trial on any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid necessary cost or delay." Fed. R. Civ. P. 42(a). "[D]istrict courts have broad discretion to consolidate complaints." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 856 (9th Cir. 2016). When deciding whether to consolidate, a court weighs the potential for increased efficiency against any inconvenience, delay, or expense consolidation would cause. *Huene v. United States*, 743 F.3d 703, 704 (9th Cir. 1984).

# ANALYSIS

Plaintiffs ask that these cases be consolidated on the grounds that they involve common questions of law or fact, and that consolidation will promote efficiency and prevent inconsistent adjudications. Defendants argue that the facts and claims presented by Plaintiffs in *Doe XX* are distinct from each other, and are distinct from the facts and claims presented in *Doe I*. As with permissive joinder under Fed. R. Civ. P. 20, the Court's authority to consolidate cases under Rule 42(a) inheres when the actions share at least one common question of fact or law. Fed. R. Civ. P. 42(a). There is no requirement that all questions of law and fact be identical. *Cf. Order on Def's Motion to Sever, Doe I* at Dkt. 27. Here, each Plaintiff alleges that the Defendants made misrepresentations about the safety of Scouting, and whether the alleged representations were false is a question of fact common to each Plaintiff's claim.

Plaintiffs argue that this Court's experience presiding over *Doe I* gives it particular familiarity with the parties, the procedural and factual issues underlying Plaintiffs' claims, and issues likely to arise around case management, scheduling and discovery throughout litigation in *Doe XX*. For this reason, Plaintiffs ask that the cases be combined for "case management and scheduling purposes." Plaintiffs advance no specific arguments in favor of consolidation, other than the advantage of having the same judge preside over both cases. Nor do Plaintiffs articulate how these cases should be consolidated, other than to explain that they are not seeking consolidation for discovery, pre-trial motions, or trial, at least at this time.

After Plaintiffs filed their motion, *Doe XX* was reassigned to this Court upon expiration of the consent deadline. As such, both *Doe I* and *Doe XX* are now pending this Court, rendering moot many of Plaintiffs' arguments for consolidation. Absent any other justification or articulated purpose for which these cases should be consolidated, the Court finds that the potential for inconvenience or delay from consolidating *Doe XX* with *Doe I* at this late date outweighs any benefit that might accrue. Although the Court declines to consolidate these cases, it may still issue appropriate orders in either case to avoid unnecessary cost, delay, or repetition of effort. Fed. R. Civ. P. 42(a)(3).

## ORDER

**IT IS ORDERED:**

1. Plaintiffs' Motion to Consolidate Case Nos. 1:13-cv-00275-BLW and 1:17-00184-BLW (Dkts. 207, 14) is **DENIED**.

DATED: November 20, 2017

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 5**