UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE I-XIX and JOHN ELLIOTT,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to business in Idaho,<br><br>    Defendants. | Case No. 1:13-cv-00275-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Pending before the Court is BSA's Motion to Reconsider (Dkt. 229). On September 1, 2017, this Court entered an order granting in part and denying in part Plaintiffs' Motion to Compel certain discovery from BSA. On September 18, 2017, BSA filed this motion on the grounds that the Court clearly erred and imposed manifest injustice on the BSA by requiring production of documents relevant to Plaintiffs'

anticipated but as yet unpled punitive damages claim. *See Def.'s Reply* at 2, Dkt. 236. For the reasons stated below, the Court will deny the motion.

## BACKGROUND

On April 24, 2017, Plaintiffs filed a Motion to Compel production of four categories of documents, including (1) Ineligible Volunteer Files ("IV Files"); (2) documents related to Dr. Finkelhor's 2006 proposal to study the IV files; (3) complaints, petitions, and demand letters containing allegations of child sexual abuse; and (4) deposition testimony from other cases. On September 1, 2017, this Court ordered BSA to produce the following documents:

### 1. IV Files

The Court ordered BSA to produce clean copies of the pre-1982 IV files, as well as IV files created after 1982 that document abuse occurring through 1982. Dkt. 225 at 4. The Court found these files were relevant to the falsity of alleged representations by BSA that Scouting was safe, the application of the noneconomic damages cap, and Plaintiff's anticipated punitive damages claim. *Id.* at 6, 8. While the Court found that IV files created after 1982 related to post-1982 abuse would be relevant to Plaintiff's anticipated punitive damages claim, the Court did not order BSA to produce those files, pursuant to BSA's agreement, Dkt. 212 at 3, that they would not introduce evidence of post-1982 remedial changes to their Youth Protection efforts.

### 2. Finkelhor documents

The Court ordered BSA to produce the Finkelhor documents upon finding those documents relevant to both the application of the noneconomic damages cap and Plaintiffs' anticipated punitive damages claim. Dkt. 225 at 11.

### 3. Complaints, Petitions, and Demand Letters

The Court ordered BSA to produce records of claims for sexual abuse that occurred between 1970 and 1982, upon finding those records relevant to the falsity of the alleged representations by BSA that Scouting was safe. *Id.* at 13. The Court did not order BSA to produce records of claims for abuse occurring between 1983 through 1987, which it found relevant to the anticipated punitive damages claim, because the benefit of doing so was outweighed by the cost of production. *Id.* at 15.

### 4. Deposition Testimony from Other Cases

The Court ordered BSA to produce transcripts of depositions taken of employees or volunteers, who may be deceased or otherwise unable to testify, in cases in which it was alleged that Scout leaders sexually abused Scouts. *Id.* at 16. Production was limited to testimony given after 1980, in cases involving child sex abuse that occurred between 1970 and 1987. *Id.* The Court also ordered that BSA produce a list of lawsuits against BSA involving claims related to child sex abuse between 1970-1982. *Id*. The Court found these records relevant to the falsity of BSA's alleged representations, the noneconomic damages cap, the anticipated punitive damages claim, and issues of agency. *Id.*

BSA now asks that the Court reconsider its Order, on the grounds that doing so is necessary to correct legal error and prevent manifest injustice.

## LEGAL STANDARD

The Court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618 n. 8 (1983)).

## ANALYSIS

BSA asks the Court to reconsider its Order compelling BSA to produce documents relevant to Plaintiffs' anticipated punitive damages claim. BSA does not identify the specific documents they object to producing under the Court's Order. Nor does BSA identify any documents they were ordered to produce solely because such documents are relevant to Plaintiffs' anticipated claim for punitive damages. As outlined above, the bulk of the documents BSA was ordered to produce were found relevant to the falsity of alleged statements made by BSA regarding the safety of Scouting, a key element of Plaintiffs' claim for constructive fraud. Indeed, the Finkelhor documents were the only documents the Court ordered BSA to produce that are not directly relevant to Plaintiffs'

constructive fraud claim. Rather, the Court ordered BSA to produce the Finkelhor documents upon finding the documents relevant to both Plaintiffs' anticipated claim for punitive damages and to the application of the noneconomic damages cap.

Because BSA would still be obligated to produce all of the documents identified in the Court's Order even were they to prevail, BSA has not demonstrated that the Court's order resulted in manifest injustice, or that it must be modified to correct legal error. Indeed, BSA acknowledges that Plaintiffs are entitled to conduct discovery relevant to their claims, through which they may discover evidence supporting a reasonable likelihood of proving facts to support punitive damages. *Def.'s Reply* at 3, Dkt. 236. For these reasons, the Court declines to address the substantive arguments BSA raises in its Motion. Accordingly,

**IT IS ORDERED:**

1. Defendant BSA's Motion for Reconsideration (Dkt. 229) is **DENIED**.

DATED: December 5, 2017

B. Lynn Winmill
Chief Judge
United States District Court