UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE I-XIX and JOHN ELLIOTT,<br><br>Plaintiffs,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho,<br><br>Defendants. | Case No. 1:13-cv-00275-BLW<br><br>**STATUS REPORT AND SUPPLEMENTAL CASE MANAGEMENT ORDER** |

The Court held a status conference with the parties on **December 8, 2017**. Pursuant to the agreements reached therein,

**NOW THEREFORE IT IS HEREBY ORDERED** that the following supplemental deadlines and procedures will govern this litigation:

1. The parties shall meet and confer to agree on a procedure for stipulating to the authenticity of documents produced in discovery. In the Court's experience, there

**SUPPLEMENTAL CASE MANAGEMENT ORDER - 1**

is an assumption that documents produced in discovery are authentic. However, the nature of the documents produced in this case presents an unusual situation which requires that the parties be provided an opportunity to identify any documents for which authenticity cannot be stipulated, or which are not otherwise self-authenticating under FRE 902. The parties shall file a status report with the Court on or before **December 20, 2018,** which outlines the agreed-upon procedures.

2. Defendants agree not to disclose the filing status of any Doe Plaintiff to any third party, including potential witnesses, without good reason. Should Defendants determine that good reason exists to disclose the filing status of any Doe Plaintiff to a third party, Defendants shall make a record of that disclosure and the reason asserted. Upon a showing of good cause, and by order of the Court, Defendants shall produce such records for in camera review.

3. The parties shall meet and confer to exchange information regarding the 52 alleged pedophiles identified by Plaintiffs in the BSA IV files, including birthdates, if known, and the time-period and geographic area relevant to each individual. The LDS Defendants shall conduct a review of Church membership records to determine (1) whether any such individual was a member of the LDS Church, and (2) to what geographic ward any such individual was assigned during the relevant time-period.

4. The Court will conduct a **telephonic status conference** with the parties on **December 22, 2018 at 10:00 a.m.** At this conference, the parties shall be prepared to discuss the following items:

   (1) The procedure for authenticating documents identified in discovery.

   (2) The RFP served by Plaintiffs on the BSA Defendants asking for "any Troop Roster and any documents related to any Idaho Perpetrator for whom an IV file is maintained, whether or not the name of the Perpetrator is shown on the Roster, and whether or not a plaintiff was a member of the troop," as well as the BSA Defendants' response to the RFP.

   (3) The process and effort that would be necessary for the LDS defendants to determine whether any of the 52 alleged pedophiles, identified by the Plaintiffs and confirmed through the above-mentioned review to have been members of the LDS Church and part of a specific geographic ward, were assigned to scouting during the relevant time period.

5. During the status conference, the Plaintiffs also raised a question regarding discovery sanctions related to the production by BSA of a roster for Cub Scout Pack 410. The Court declined to address this issue in conference, but instructed that Plaintiffs could pursue this issue by motion.

6. <u>Law Clerk</u>: The law clerk assigned to this case is **Molly Danahy**, who may be reached at (208) 334-9363.

**SUPPLEMENTAL CASE MANAGEMENT ORDER - 3**

7. Discovery Disputes:

   a. I will **not** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions. I will keep these motions on my own docket.

   b. The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

   c. In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute. To facilitate that mediation, the attorneys will first contact Molly Danahy, the law clerk assigned to this case, and shall provide her with a brief written summary of the dispute and the parties' respective positions. Ms. Danahy may be able to offer suggestions that will resolve the dispute without the need of my involvement. If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible. I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference. I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

   d. Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

8.  <u>Calendaring Clerk</u>:  Scheduling matters and calendar issues may be directed to **Jamie Bracke**, who may be reached at (208) 334-9021.

9.  <u>Docketing Clerk</u>: If you have a docketing question, please contact a docket clerk at (208) 334-1361.

DATED: December 13, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court

**SUPPLEMENTAL CASE MANAGEMENT ORDER - 5**