UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE I-XIX and JOHN ELLIOTT,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to business in Idaho,<br><br>    Defendants. | Case No. 1:13-cv-00275-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is the Church Defendants' Motion to Reconsider (Dkt. 256). The Motion is fully briefed and the Court finds these matters appropriate for decision without oral argument. For the reasons described below, the Court will deny the Motion.

## BACKGROUND

On November 11, 2017, this Court entered a Memorandum of Decision and Order denying the Church Defendants' Motion for Summary Judgment against John Doe XII

(Dkt. 240). At issue was a "Settlement Agreement and Release of All Claims" (the

"Agreement") entered into between Doe XII and the Church Defendants. The Agreement

contains a clause releasing the Church Defendants from "any and all past, present or

future claims, whether for direct or for vicarious liability, for damages for personal and

other injuries, and contract claims, which the Releasor has, or claims to have, for or in

any manner arising out of" abuse suffered by Doe XII while participating in an LDS-

sponsored Scout troop. *Woodard Decl.* Ex. G. ¶ 2, Dkt. 183-9.

Applying Utah law, the Court found that Doe XII's claim for constructive fraud

did not arise out of the abuse, but rather "arose from, originated, and was connected with

the Church Defendants' alleged misrepresentations of Scouting, which led to his

injuries." *See Nov. 20, 2017 Mem. Dec. and Order* at 8, Dkt. 240 (hereinafter "Nov. 20,

2017 Decision"). The Court found that the Agreement was silent as to claims arising out

of actions that resulted in the abuse. *Id.* Thus, the Court found a genuine issue of fact as

to whether the parties intended to release the constructive fraud claim, and denied

summary judgment. *Id.* at 8-9. The Church Defendants ask the Court to reconsider its

decision on the grounds that it rests on legal error and would result in manifest injustice.

## LEGAL STANDARD

The Court has the "inherent procedural power to reconsider, rescind, or modify an

interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa

Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and

emphasis omitted). Although courts have authority to reconsider prior orders, they

"should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618 n. 8 (1983)). Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Kona Enters., Inc v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## ANALYSIS

The Church Defendants have not shown that the Court's decision was clearly erroneous or that it results in manifest injustice. Nor do they point to other extraordinary circumstances justifying reconsideration. Instead, the Church Defendants largely restate arguments already disposed of by the Court's earlier decision. To the extent the Church Defendants raise specific arguments here that were not raised in its Motion for Summary Judgment, the Court finds that those arguments lack merit. Therefore, it will deny the Church Defendants' Motion.

First, the Church Defendants argue that the Court's decision is clearly erroneous based on the text of the "Release Clause" at paragraph two of the Agreement. *See Woodard Decl.* Ex. G. ¶ 2, Dkt. 183-9. The Court addressed this argument in detail in its Nov. 20, 2017 Decision. *See* Dkt. 240. Although, the Church Defendants suggest that the Court misapplied Utah law, they point to no authority under which the Court's ruling is

clearly in error.[1] Instead, they ask the Court to reconsider based on their own, alternative reading of the case law relied on by the Court. The Church Defendants' disagreement with the ruling is not sufficient to show that the Court's decision was reached in error.

Next, the Church Defendants argue that the inclusion of the word "injuries" as well as "claims" in the Release Clause supports their argument that the Agreement bars Doe XII's claim. *See Def.'s Br.* at 8, Dkt. 256-1 ("Paragraph 2 of the Agreement releases the Church Defendants 'for damages for personal and other injuries . . . for or in any manner arising out of' the sexual abuse."). Thus, the Church Defendants argue that Doe XII is barred not only from bringing claims that arise out of the abuse, but also from bringing claims involving injuries that arise out of the abuse. *Id.* This interpretation conflicts with the natural reading of the clause, however, and requires the Court to set aside the surrounding text.

In full, the Release Clause states: "Releasor hereby releases and forever discharges Released Parties from any and all past, present or future claims, whether for direct or for vicarious liability, for damages for personal and other injuries, and contract claims, which the Releasor has, or claims to have, for or in any manner arising out of" the abuse.

---

[1] Unlike the case cited by the Church Defendants, the Court finds that the release here is not so broad as to extend to all claims between the parties. If the parties intended that Doe XII release "all claims" against the Church Defendants, they would not have specified that the claims being released were those "arising out of" or "due to" the abuse. *See Woodard Decl.* Ex. G. ¶ 1, Dkt. 183-9 In contrast, in *Larry J. Coet Chevrolet v. Labrum*, relied on by the Church Defendants, the Court found that the release covered "any and all claims" between the parties *and* specifically those claims related the lawsuit." 180 P.3d 765, 771 (Utah Ct. App. 2008) (emphasis added).

*Woodard Decl.* Ex. G. ¶ 2, Dkt. 183-9. The most rational reading is that the Release bars those "claims, . . . which the Releasor has, or claims to have, for or in any manner arising out of" the abuse, and that the interceding clause merely identifies the categories of claims being released - direct and vicarious claims, and claims for damages. Any other reading would render the interceding clause absurd.

For example, although the Doe XII might have "injuries" arising out of the dispute, he presumably does not have "direct or vicarious liability" arising out of the dispute. Nor would it make sense in the context of the agreement for Doe XII, as the Releasor, to waive his own liability. Thus, the structure and verb tense of the clause reflect the intent of the parties that Doe XII would release any and all claims arising out of the abuse, including direct or vicarious claims, and all claims for damages, whether sounding in tort or contract. As the Court has previously held, since Doe XII's constructive fraud claim arises out of the alleged malfeasance of the Church Defendants, and not the abuse, it is not clearly barred under the text of the Agreement.

Finally, the Church Defendants argue that the third paragraph of the Agreement expands the scope of the agreement to reach claims "related to" the abuse, as well as arising out of it. This argument fails for the same reasons already addressed in the Court's initial decision, namely that it conflates Doe XII's injuries with his claims. By its terms, the Injuries Clause does not bar unknown claims arising out of other circumstances, but clearly bars "claims for or consequences arising from" the abuse. Thus, the Injury Clause does not expand the scope of the Agreement, but merely clarifies that Doe XII cannot

revive claims barred under its terms if he later discovers or incurs additional injuries. *See Woodard Decl.* Ex. G. ¶ 3, Dkt. 183-9. ("Releasor expressly assumes the risk set forth herein that *subsequent to the execution* of the Agreement, Releasor may *incur or suffer* other loss or damage which may in some way be caused by or related to" the abuse) (emphasis added).

The Church Defendants suggest that the Court's ruling renders the contract between the parties illusory. The Court disagrees. For example, the Agreement clearly bars Doe XII from pursuing a claim for vicarious liability against the LDS Church for injuries caused by the actions of an alleged agent, which would arise out of the abuse rather than result in it. Thus, the Court's ruling does not vitiate "all conceivable claims against the Church," such that the agreement is "valueless." For these reasons, the Court finds that the Church Defendants have not shown that the Court's ruling constituted clear error, or that it has resulted in manifest injustice to the Church. Accordingly,

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Reconsideration (Dkt. 256) is **DENIED**.

DATED: May 4, 2018

B. Lynn Winmill
Chief U.S. District Court Judge