IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOES I-XIX and JOHN ELLIOTT,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho,<br><br>　　　　　Defendants. | Case No. 1:13-cv-00275-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to bifurcate filed by the Church and a motion to consolidate and determine trial order filed by plaintiffs. The motions are fully briefed and at issue. For the reasons explained below, the Court will (1) consolidate for trial the claims of Doe IV and Doe XVIII and try those claims first; (2) with regard to Doe XII, the Court will bifurcate the issue of settlement from the constructive fraud issue; (3) following the trial of Doe IV and Doe XVIII, the Court will select a new jury to try only Doe XII's settlement issue; (4) if the jury finds that Doe XII did not settle his constructive fraud claim, the Court will select a new jury and try the constructive fraud issue; (4) if that jury finds constructive fraud, that same jury will then consider whether

**Memorandum Decision and Order – page 1**

Doe XII's claim is barred by the statute of limitations.  The Court will explain these conclusions below.

## ANALYSIS

**Motion to Bifurcate**

The Church asks the Court to bifurcate the settlement and statute of limitation issues from the liability issues in the trial of the claims of Doe XII.  The Scouts have joined in this motion.

In its opening brief, the Church sought to consolidate the settlement and statute of limitation issues and try them first, and then – if the first jury finds no settlement and no limitations problem – pick a new jury and try the liability issues.  But in their reply brief, the Church suggests a different approach:

> The Church requested in its moving papers the statute of limitations issue be tried before liability with the settlement agreement issue, but the better course may be to have the liability jury decide statute of limitations after (and only if) it decides Doe XII has proven his claim for constructive fraud.

*See Reply Brief (Dkt. No. 391)* at p. 9.

The legal standard governing bifurcation is set forth in Rule 42: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . . When ordering a separate trial, the court must preserve any federal right to a jury trial."  The Church bears the burden of convincing the Court to exercise its discretion to bifurcate issues for trial.  *Spectra-Physics Lasers, Inc. v. Uniphase Corp.,* 144 F.R.D. 99, 101 (N.D.Cal. 1992).

**Memorandum Decision and Order – page 2**

The initial concern with trying the settlement issue together with the liability issues is one of prejudice. Generally, evidence of conduct or statements during settlement negotiations is not admissible to prove liability. *See Rule of Evidence 408.* The liability issue here is whether the Church made false statements that Scouting was safe. Jurors hearing that the Church paid money to Doe XII to settle his abuse claim may conclude that the Church is generally liable for his abuse. That is not the specific liability issue here, but it would be all-too-human for a juror to reason that if the Church is generally liable for his abuse, it is specifically liable for making false statements about safety. While that line of reasoning is not analytically rigorous, the human mind often leaps to irrational conclusions.

Of course, the Court could instruct the jury to maintain an impenetrable wall between the evidence focusing on the settlement agreement and the evidence focusing on liability. But given the emotions that arise from child abuse, such a jury instruction would ask too much of any juror. There really is no way to contain the prejudice. The Court therefore concludes that there is a real chance of prejudice to the Church of trying the settlement issues together with the liability issues.

In addition, Rule 42 allows bifurcation to "expedite and economize" the case. Here, if the settlement issue is bifurcated and tried first, and the verdict favors the Church, there will be no need to proceed to the liability issues against the Church. On the other hand, if the issues are not bifurcated, the trial becomes significantly more complex as the jury will be required to keep separate the evidence on settlement from the liability issues, and must also refrain from allowing the evidence of settlement negotiations with

**Memorandum Decision and Order – page 3**

the Church to taint any of its findings with regard to the Boy Scouts. Bifurcation will avoid these problems and "expedite and economize" the case. For all of these reasons, the Court will grant Doe XII's motion to bifurcate the settlement issues regarding the Church from the liability issues.

The next issue is whether the statute of limitations issue should likewise be separated from the liability issue. The statute of limitations issue asks: When did Doe XII know – or when should he have known – of the falsity of the Church's statements that Scouting was safe? Unlike the settlement issue, the evidence on the limitations issue will overlap to some degree with the evidence on constructive fraud. The limitations issue will require foundational evidence on the falsity of the Scout statements and Doe XII's experience in Scouting. This evidence would have to be presented twice if the limitations issue was separated from the constructive fraud issue and tried to a separate jury. That would not "expedite and economize" the case, and the Church recognized this flaw when it abandoned its original plan and revised its recommendation, as discussed above.

The Church's revised recommendation makes much more sense. The same jury would resolve both the constructive fraud issue and the limitations issue – so the evidence would not have to be presented twice – but would do so sequentially, because resolving the constructive fraud issue first might preclude the need to even address the limitations issue if the jury found no constructive fraud.

The Court will therefore bifurcate the limitations issue in this way. The jury will consider first the constructive fraud issue, and if it finds that there was constructive fraud it will then proceed to determine whether the statute of limitations bars that claim.

**Motion to Consolidate & Determine Trial Order**

Plaintiffs move to consolidate the trials of Doe IV and Doe XVIII, and to try their case first, prior to any trial for Doe XII. Plaintiffs argue that there is a substantial overlap in the evidence for both Doe IV and Doe XVIII, and that consolidation of these two plaintiffs for trial would expedite the resolution of their cases.

Rule 20(a) governs permissive joinder, and identifies two prerequisites for the joinder of defendants: (1) a right to relief must be asserted against the defendants arising out of the same transaction, occurrence or series of transactions or occurrences; and (2) the claims must involve some question of law or fact common to all defendants. *See* Fed.R.Civ.P. 20(a)(2); *see also League to Save Lake Tahoe v. Tahoe Reg. Plan. Agency*, 558 F.2d 914, 917 (9th Cir.1977). Joinder is to be construed liberally "in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe*, 558 F.2d at 917. Nonetheless, district courts retain broad discretion in applying Rule 20. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296–97 (9th Cir.2000). Even if plaintiffs satisfy the requirements of Rule 20, joinder is still inappropriate unless it "comports with the principles of fundamental fairness." *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir.1980).

Applying those standards here, it is important that plaintiffs Doe IV and Doe XVIII were in the same Scout troop, in the same town, and were sexually abused by the same Scoutmaster. Their case will proceed only against the Scouts, not the Church, so the relative simplicity of the case will make it easier to avoid prejudice. There is also a substantial overlap of evidence as to the two plaintiffs. Both plaintiffs must prove that the Scouts made false statements that Scouting was safe, and much of that evidence will be the same for each plaintiff. Moreover, they will both present evidence of the Scouts' knowledge of the falsity of their statements that Scouting was safe as part of their burden to prove they had a relationship of trust and confidence with the Scouts, an element of constructive fraud. The Scouts argue that its knowledge is irrelevant to a constructive fraud case, but the Court has held otherwise, finding that it is relevant to the relationship of trust and confidence.

In addition, evidence relating to the statute of limitations issue will be substantially similar for both plaintiffs, at least from their point of view. Both will testify that they first learned of the falsity of the Scouts' statements of safety during meetings with their attorneys.

Thus, by consolidating these two plaintiffs for trial, there would be a substantial amount of evidence that pertains to both. Separating their trials would mean that a significant amount of evidence would need to be presented twice, a factor favoring consolidation under Rule 20. The Scouts argue that the Church might be prejudiced at a future trial of Doe XII who has sued both the Church and the Scouts. But the Church

never filed an opposition to plaintiffs' motion, and the Scouts have no standing to make arguments on behalf of the Church.

The Supreme Court has held that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724 (1966). The Court finds that the requirements of Rule 20 have been satisfied, and that consolidation compotes with principles of fundamental fairness. The Court will therefore grant plaintiffs' motion to consolidate Doe IV and Doe XVIII for trial.

**Order of Trials**

Plaintiffs ask the Court to try first the consolidated trial of Doe IV and Doe XVIII, and follow that with the trial for Doe XII. Defendants object, and ask the Court to try Doe XII's case first.

The trial of Doe XII involves a single plaintiff suing two defendants, the Scouts and the Church. It would begin with a resolution of the settlement issue, and if no settlement was found, the Court would empanel a new jury and try the constructive fraud and limitations issues. If the jury instead found that Doe XII settled his claims against the Church, a new jury would be empaneled and Doe XII's trial would proceed against the Scouts only.

In comparison, the trial of Doe IV and Doe XVIII involves only a single defendant, the Scouts. As plaintiffs point out, Doe IV filed his case first, about eight months ahead of any other plaintiff. Plaintiffs are also concerned that the Scouts might

**Memorandum Decision and Order – page 7**

file bankruptcy, and plaintiffs want to get verdicts against the Scouts before any bankruptcy filing. While there is some evidence that the Scouts are considering bankruptcy, the Scouts' counsel denies knowing anything about a filing.

These factors tend to cut both ways, offering no clear answer to the ordering issue. The best solution in this circumstance is to proceed first with the case that will resolve the claims of the most plaintiffs – that is, the consolidated case of Doe IV and Doe XVIII. When that case is completed, the Court will proceed with the trial of Doe XII's case, with perhaps some time in between to allow counsel to regroup and prepare.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that plaintiffs' motion for reconsideration of consolidation and to determine trial order (docket no. 386) is GRANTED.

IT IS FURTHER ORDERED, that defendants' motion to bifurcate (docket no. 348) is GRANTED.

IT IS FURTHER ORDERED, that as a result of the rulings above, (1) the claims of Doe IV and Doe XVIII are consolidated for trial purposes, and their consolidated trial will proceed first on May 6, 2019; (2) with regard to Doe XII, the Court will bifurcate the issue of settlement from the constructive fraud issue; (3) following the trial of Doe IV and Doe XVIII, the Court will select a new jury to try only Doe XII's settlement issue; (4) if the jury finds that Doe XII did not settle his constructive fraud claim, the Court will select a new jury and try Doe XII's constructive fraud issue; (4) if that jury finds

**Memorandum Decision and Order – page 8**

constructive fraud, that same jury will then consider whether Doe XII's claim is barred by the statute of limitations.

DATED: February 25, 2019

B. Lynn Winmill
U.S. District Court Judge