IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOES I-XIX and JOHN ELLIOTT,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho,<br><br>    Defendants. | Case No. 1:13-cv-00275-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for reconsideration filed by the Scouts. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

The Scouts ask the Court to reconsider its decision finding a question of fact concerning whether Doe XII intended to release his claim for constructive fraud when he signed the release of his claims against the Scouts. In identifying the source of that question of fact, the Court cited a specific paragraph of Doe XII's Declaration:

> When I signed the Settlement Agreement and Release of All Claims with the LDS Church on November 5, 2001, I did not understand that I was settling a fraud or constructive fraud claim against the Church

**Memorandum Decision & Order – page 1**

> because I had never thought of bringing a fraud or constructive fraud claim against the Church at that point and was not aware those claims existed.

*See Declaration (Dkt. No. 293-3)* at ¶ 3.  This Declaration testimony, the Scouts argue, cannot be used to create a question of fact against the Scouts because it only refers to the Church.  The only evidence pertaining to this issue, the Scouts argue, comes from Doe XII's deposition where he testified that he intended to release all claims:

> Q (by the Scouts' counsel): And so you intended to release all the claims related to the abuse from Larren Arnold?
> A (by Doe XII): Yes.

*See Deposition (Dkt. No. 274-2)* at p. 213.  The Scouts ask the Court to interpret Doe XII's answer "yes" to mean that he intended to release his constructive fraud claim.  In other words, with this single word, and no elaboration, Doe XII just abandoned his hard-fought claim of constructive fraud against the Scouts – walked away from it without comment.  This would be such an odd and startling moment in the deposition that it would prompt a natural follow-up question: "Do you mean you intended to release *your constructive fraud claim* against the Scouts?"  But the Scouts' counsel never asked that follow-up question.  Having left unfinished this line of inquiry in the deposition, the Scouts now ask this Court to complete it – to interpret Doe XII's answer broadly, as an answer to a question that was never specifically asked.

      Of course, one inference – however strained – is that Doe XII did intend by his answer "yes" to completely abandon his constructive fraud claim and end the lawsuit against the Scouts.  Does the record contain any basis for a contrary inference?  It does.  Just a few pages later in his deposition, Doe XII – talking now about the Scouts – states

**Memorandum Decision & Order – page 2**

that "I believe that there was a fraud perpetrated on me . . . that's why I'm suing." *Id.* at p. 215.  That does not sound like someone who has just abandoned his constructive fraud claim against the Scouts.  Because the Court must construe all justifiable inferences in favor of Doe XII, the Court cannot find that his deposition testimony supplies the basis for a summary judgment.  The motion to reconsider will be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for reconsideration (docket no. 353) is DENIED.

DATED: March 15, 2019

_____
B. Lynn Winmill
U.S. District Court Judge