IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOES I-XIX and JOHN ELLIOTT,<br><br>  Plaintiffs,<br><br>  v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho,<br><br>  Defendants. | Case No. 1:13-cv-00275-BLW<br><br>**CASE MANAGEMENT ORDER** |

Following a conference held with all counsel on March 22, 2019, and finding good cause therefore, the following schedule shall govern this case:

1. **<u>Deadline for Exhibit & Witness Lists:</u>**  April 3, 2019;

2. **<u>Deadline for Demonstrative Exhibits:</u>**  April 11, 2019;

3. **<u>Deadline for Jury Instructions/Voir Dire:</u>**  April 17, 2019;

4. **<u>Deadline for Trial Briefs:</u>**  April 29, 2019;

5. **<u>Pretrial Conference:</u>**  April 17, 2019, at 3:00 pm.  The conference shall be in-person unless special arrangements need to be made to appear by telephone.  This conference will cover only the trial on the claims of Doe IV and XVIII – it will not involve the claims by Doe XII.

6. **Jury Selection:** The Court intends to have the jury pool report on Friday May 3, 2019, at 9:00 a.m. for orientation and to answer a Questionnaire regarding their qualifications and other matters regarding the trial of Doe IV and XVIII. A Magistrate Judge shall preside and administer the oath to the jurors before they answer the Questionnaire. The attorneys shall not attend this proceeding. When the jurors have completed the Questionnaire, they will be sent home and told to report back Monday morning (May 6, 2019) at 8:30 am. The Court would intend for the attorneys to meet in the afternoon of May 3, 2019, to review the Questionnaire answers and attempt to agree to any jurors who should be excused for cause. If there are any disagreements, the Court will be available by telephone on May 3, 2019, to resolve those disputes. By the end of the day of May 3, 2019, the Court should be able to approve those jurors to be excused for cause on the basis of the Questionnaire answers and the Jury Administrator could call them and avoid their having to report the next week. Trial would begin on Monday May 6, 2019, at 9:00 am with jury selection. This process will not prevent attorneys from making additional for-cause objections during jury selection the week of May 6, 2019.

7. **Jury Selection & Trial:** As discussed above, jury selection shall begin Monday May 6, 2019, at 9:00 a.m., with trial on the claims of Doe IV and Doe XVIII to follow immediately upon selection of a jury.

8. **Inquiry into Religion during Jury Selection:** Counsel shall attempt to reach agreement on whether and to what extent prospective jurors can be asked about their religious affiliation during voir dire.

9. **Number of Jurors to be Empaneled:** The Court will empanel 8 jurors to try the case. There are no alternates – the jury verdict must be unanimous.

10. **Peremptory Challenges**: Under 28 U.S.C. § 1870, each party is entitled to three peremptory challenges.

11. **Typical Trial Day**: Trial will be conducted from 8:30 am to 2:30 pm, with two breaks (about 15 to 20 minutes each) at about 10:30 am and 12:30 pm.

12. **Time Limits on Voir Dire**: Each party will get 20 minutes to do their own voir dire.

    a. I would caution counsel about engaging in improper voir dire. This is a non-exhaustive list of the types of questions I find objectionable:

        i. Indoctrinating the jury on your theory of the case.

        ii. Instructing the jury on the law.

        iii. Asking jurors to prejudge the evidence.

        iv. Probing too deeply into a juror's personal life, and particularly asking about items posted on a juror's social media page without prior leave from me.

        v. Referring to evidence which will be presented during the trial, unless it has been stipulated to and discussed with me in advance.

        vi. Asking about the juror's attitude about litigation, generally.

13. **Opening Statements**:

    a. I will not put restrictions on counsel but simply notes the marked drop-off in juror attention spans after listening to about 20 minutes of an opening statement. I do request that counsel notify me if either party expects opening statements to exceed 30 minutes.

14. **Trial Procedures**:

    a. During trial, the jury will be in the box hearing testimony the entire trial day between 8:30 a.m. and 2:30 p.m., except for the standard fifteen- to twenty-minute recesses.

    b. During the time the jury is in the jury box, no argument, beyond one-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. If somewhat more extensive argument is needed, I may call for a sidebar. If the matter cannot be resolved at sidebar, counsel will be directed to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at another time, either after 2:30 p.m. or before 8:30 a.m.

    c. Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify opposing counsel and me.

15. **Notice of Next-Day Witnesses**:

    a. The parties agree that witnesses will be identified as to when they will testify by 5:00 p.m. the day before the witnesses will testify. The

notification to the opposing party will include a list of any demonstrative exhibits to be used by said witnesses.

16. **Examination & Objections**

    a. When you announce the name of your witness, either the courtroom deputy or I will summon them forward to be sworn, the courtroom deputy will administer the oath and, after the witness is seated, ask the witness to state their name and spell their last name for the record. I will then indicate to counsel that they may inquire of the witness.

    b. Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate and is not likely to be offensive to the witness or any juror.

    c. In case of doubt, don't.

    d. Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by their last names.

    e. Objections and motions before the jury should be very spare.

    f. Examples of improper objections: "I object to that question, Your Honor, because I am sure that Charlie Witness didn't read that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she can't remember".

    g. Obviously these "speaking objections" would suggest an answer.

    h. While bench conferences can be distracting and are discouraged, they are preferable to statements such as those cited above. Almost all objections

should be stated in one to three words ("hearsay", "asked & answered", "irrelevant", etc.).

　　i. I never send the jury out of the courtroom to hear arguments of counsel. If necessary, but only if necessary, counsel can raise an issue at a sidebar conference. However, even those interruptions in the flow of the evidence will only be permitted if absolutely necessary.

17. **Contact with Jurors**:

    a. You are responsible to advise your clients, your witnesses and everyone associated with your client to avoid all contact with the jurors. This prohibition includes seemingly innocuous behavior like riding on an elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

18. **Jury Instruction Conferences**:

    a. I try to conduct at least 2 or 3 informal jury instruction conferences off the record to try and resolve most differences by agreement. Those sessions will be held at the end of the trial day and may stretch into the evening. At the end of those sessions, we will have refined the issues of contention so that I can give you a set of my final instructions and you can state your objections on the record.

19. **Review of Admissibility of IV Files**:

    a. In about a week, the plaintiffs will submit to the Scouts the IV files they intend to use at trial. The parties will then attempt to reach an agreement

on admissibility and refer any disagreement to the Court by the April 17, 2019, pretrial conference.

20. **Protective Order re Names**:

    a. It appears to be unavoidable that parties and witnesses will need to use their real names during these proceedings. To protect their confidentiality outside of the courtroom proceedings, counsel shall work together to draft a proposed protective order for the Court's approval.

21. **Pretrial Conference & Trial Date for Doe XII:**

    a. The pretrial conference for Doe XII shall be July 16, 2019, at 1:30 p.m. The trial date shall be July 29, 2019, at 1:30 p.m.

DATED: March 22, 2019

B. Lynn Winmill
U.S. District Court Judge