UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOES I-XIX, and JOHN ELLIOTT,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho,<br><br>    Defendant. | Case No. 1:13-cv-00275-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motions in Limine regarding the scope of damages available to the Plaintiffs (Dkts. 398, 471). Each Defendant moves separately for an order precluding Plaintiffs from seeking emotional distress or other nonpecuniary damages. Although the Defendants filed separate motions in limine, they request the same relief, and the Court will address both motions together. The motions are fully

briefed and at issue. For the reasons explained below, the Court will deny Defendants' motions.

Defendants raise several arguments in support of their motions to exclude evidence or argument of nonpecuniary damages. First, Defendants both suggest that Plaintiffs' constructive fraud claim is an "economic tort," and that nonpecuniary damages should not be available to a plaintiff claiming fraud. Dkt. 398 at 2-5; Dkt. 471 at 2-5. Defendant Boy Scouts of America ("BSA") goes on to argue that nonpecuniary damages, if available in a constructive fraud case, should be limited to certain categories previously recognized by the Idaho Supreme Court in *McGhee v. McGhee*, 82 Idaho 367, 353 P.2d 760, 764 (1960); Dkt. 471-1 at 4-5. BSA also argues the scope of damages should have a temporal limitation, specifically that Plaintiffs should only be able to recover those damages suffered after the fraud was discovered in 2013. *Id.* at 5-8. For the reasons that follow, the Court rejects each of Defendants' arguments and will deny the motions.

## ANALYSIS

1. **Nonpecuniary Damages Are Available to These Plaintiffs**

Both Defendants argue that Idaho law precludes nonpecuniary damages in a constructive fraud action—arguments this Court has already addressed and rejected. Defendants once again point out that the Idaho Supreme Court has held that "constructive fraud generally results in an economic harm rather than personal injury." *Doe v. Boy Scouts of Am.*, 159 Idaho 103, 106, 356 P.3d 1049, 1052 (2015). While this is "generally" true, it does not preclude recovery for noneconomic damages where, as here, the constructive fraud arises in a non-economic context. *See Doe v. Boy Scouts of Am.*, 329 F.

Supp. 3d 1168, 1179 (D. Idaho 2018), reconsideration denied sub nom. *Does I-XIX v. Boy Scouts of Am.*, No. 1:13-CV-00275-BLW, 2019 WL 1233618 (D. Idaho Mar. 15, 2019). The Court has already considered this issue, and found that when "a claim arises in the non-economic context, such as a breach of trust rather than a breach of contract, it is reasonable and foreseeable that the damages arising from that breach would not be limited to economic loss." *Id*. The Defendants have not pointed the Court to any new law or new evidence that has arisen since its prior decision, and the Court declines to revisit it in the context of these motions in limine.

   2. **Plaintiffs' Nonpecuniary Damages Are Not Limited to Particular Predetermined Categories**

Defendant BSA also argues that, to the extent the Court has relied on *McGhee* to find nonpecuniary damages are available, it should limit the extent of damages to exactly those categories identified in that case. Dkt. 471-1 at 4-5. In *McGhee*, the Idaho Supreme Court highlighted several categories of nonpecuniary damages suffered by the plaintiff as a result of the constructive fraud: "change of single status, humiliation, disgrace, mental anguish, and deprivation of that conjugal society, comfort, and attention to which one is entitled by reason of the change from single to marital status." 82 Idaho at 373-74, 353 P.2d at 763-64. These categories are specific to the fraud perpetrated on the plaintiff in *McGhee*, however, and do not fit the facts of this case. The Idaho Supreme Court acknowledged that such nonpecuniary damages are "speculative" and "depend[] on the circumstances of the particular case." *Id*. at 374. The Court will not shoehorn categories of nonpecuniary damages from a constructive fraud case between a married couple into

the claims at issue here. Accordingly, the Court will deny Defendant BSA's request to limit nonpecuniary damages to the categories specified in *McGhee*.

### 3. The Court Will Not Impose a Temporal Limit on Plaintiffs' Damages

Defendants also attempt to limit the scope of Plaintiffs' noneconomic damages to only those that "followed Plaintiffs' discovery of the alleged fraud." Dkt. 516 at 6-8; Dkt. 471-1 at 5-8. Both motions correctly point out that in Idaho, "[t]he misrepresentation is the crux of a fraud claim and the element that causes the injury." *Hayes v. Kingston*, 140 Idaho 551, 555, 96 P.3d 652, 656 (2004). But Defendants try to extend this point to an illogical conclusion that the only nonpecuniary damages Plaintiffs can pursue in this case "are those resulting from the discovery of the alleged misrepresentation in 2013." Dkt. 471-1 at 8. Defendants misunderstand the inquiry. The allegedly fraudulent misrepresentations "that cause[d] the injury" in this case occurred when Plaintiffs Does IV, XII, and XVIII joined and participated in Boy Scout Troops in the 1960s and 70s, not when they discovered the IV files existed in 2013. *See generally* Dkt. 336. That Plaintiffs did not know about the IV Files, and thus discover the fraud until 2013 does not limit their damages to those suffered after that date. Plaintiffs' discovery of the IV files meant the statute of limitations began to run for their constructive fraud claims, but it does not mean Plaintiff's damages are somehow limited to those suffered after the date of discovery. *See Doe v. Boy Scouts of Am.,* 159 Idaho at 111. Defendants have not pointed the Court to any law suggesting it should limit Plaintiffs' damages to those following the discovery of the IV files, and the Court declines to do so.

### ORDER

**MEMORANDUM DECISION & ORDER - 4**

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED that:

1. Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and Successors, & Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints' Motion in Limine Re: Emotional Distress and Other Personal Injury (Non-Pecuniary) Damages (Dkt. 398) is DENIED.

2. Defendant Boy Scouts of America's Motion in Limine Re Available Damages (Dkt. 471) is DENIED.

DATED: April 25, 2019

_____
B. Lynn Winmill
U.S. District Court Judge