IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOES I-XIX and JOHN ELLIOTT,<br><br>Plaintiffs,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho,<br><br>Defendants. | Case No. 1:13-cv-00275-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it the Church's motion to clarify the Court's ruling on its omnibus motion for summary judgment, the Church's motion to exclude evidence or argument of religious facts based on the First Amendment, and the Church's motion to exclude evidence that Larren Arnold was not subject to discipline by the Church. The motions are fully briefed and at issue. For the reasons expressed below, the Court will (1) grant in part and deny in part the motion to clarify, (2) deny the motion to exclude evidence of religious facts, and (3) deny the motion to exclude regarding Arnold.

## ANALYSIS

**Motion to Clarify**

The Church asks the Court to clarify whether it intended to grant or deny the Church's omnibus motion for summary judgment as to Doe XII. The Church's omnibus motion was directed at Does I, II, V, and XII. Two of those plaintiffs – Doe II and Doe V – were also subjects of separate motions for summary judgment filed by the Church. Plaintiffs responded to the omnibus motion only on behalf of Doe II and Doe V – Plaintiffs did not respond as to Doe XII. The plaintiffs now explain that as an oversight.

The Court issued a single Memorandum Decision and Order addressing the Church's omnibus motion as well as its individual motions against Doe II and Doe V. But in the Memorandum Decision itself, the Court did not analyze the arguments made in the omnibus motion – other than a brief reference to the motion – and specifically did not address the Church's arguments against Doe XII. Nevertheless, in the Order section, the Court stated that "[t]he Church Defendants' Omnibus Motion for Summary Judgment (Dkt. 282) and their individual Motions for Summary Judgment against Doe II (Dkt. 283) and Doe V (Dkt. 284) are GRANTED."

The Church asks the Court to clarify whether it meant that the Church's entire omnibus motion – that included a request that Doe XII's action be dismissed – was granted or whether the omnibus motion was just granted as to Doe II and Doe V. It was the latter. The Court may have overlooked the omnibus motion's references to Doe XII because plaintiffs only responded as to Doe II and Doe V and did not respond as to Doe XII. At any rate, the Court did not intend to grant summary judgment as to Doe XII. The Church asks that the Court now address its arguments related to Doe XII, and the Court will do so below.

**Memorandum Decision & Order – page 2**

In their omnibus motion, the Church argues that Doe XII cannot prove a fiduciary or confidential relationship because Church membership does not create a fiduciary or confidential relationship, even if the parishioner is ultra-devoted. The Court resolved this issue in *Tom Doe v. Presiding Bishop*, 2012 WL 3782454 (D.Id. Aug. 31, 2012):

> Idaho courts have not decided whether a church, as an organization, owes a fiduciary duty to its members. But other jurisdictions have considered whether a member may have a confidential relationship with the Church. Two key themes emerge from these cases. First, a fiduciary relationship is more likely to arise between a child and a church than between an adult and a church. . . . Second, many courts appear to follow what this Court will characterize as a parishioner-plus rule. These cases hold, in essence, that a fiduciary relationship does not arise between the church and all parishioners generally. Instead, a parishioner plaintiff must submit facts demonstrating that his relationship with the church differed from other general parishioners' relationship with the church. . . . So a blanket rule barring a confidential relationship between a church and a parishioner would not arise in Idaho . . . . Rather, Idaho law requires that the Court examine the particulars of Doe and the Church Defendants' relationship to determine whether a jury could reasonably find that a special relationship of trust and confidence existed between Doe and the Church.

*Id.* at *8. The Court can find no reason to reconsider that ruling and therefore refuses to adopt the Church's argument seeking a blanket rule that no onfidential relationship could arise between a church and a parishioner.

The Church argues next that even if the "parishioner-plus" rule applies, Doe XII cannot prove that he had a relationship with the Church that created a fiduciary or confidential relationship under the facts of this case. The *Tom Doe* decision is again instructive because the facts are so similar, including the fact that the abuser in that case – Larren Arnold – was the same Scout leader who abused Doe XII. In *Tom Doe,* the Court held that

**Memorandum Decision & Order – page 3**

> [f]our key facts operate in Doe's favor: (1) he was a minor child when he was allegedly abused by Arnold; (2) he was an active and regular participant in camping trips and other activities provided through a Church-sponsored organization; (3) he was strongly encouraged by the Church to participate in those camping trips and activities; and (4) the Church allegedly knew of the specific danger that Arnold posed. Also, the Church taught Doe to respect and trust his Church and Scout youth leaders. And presumably, Doe's parents trusted Arnold enough, in his role as a Church and Scout leader, to allow him to take Doe on overnight camping trips and individual day trips. On these scouting trips, Doe's parents entrusted Arnold to ensure Doe's safety and act as his caretaker. . . . Based on these facts . . . a jury could find that the Church occupied a superior position of influence and authority over Doe, who in turn reposed trust and confidence in the Church.

*Id.* at *10. The same facts exist with regard to Doe XII and thus the Court will follow *Tom Doe* in rejecting this portion of the Church's motion.

The Church argues next that Doe XII cannot prove a fiduciary or confidential relationship without violating the First Amendment of the U.S. Constitution. Again, the Court rejected this argument in *Tom Doe*:

> Nor does this conclusion [refusing to grant summary judgment on the element of a relationship of trust] unconstitutionally require the Court to examine church doctrine, or otherwise infringe on the Church's rights under the Free Exercise Clause of the First Amendment. To find a confidential relationship in this case would not require a jury to examine religious doctrines or practices. Doe's claim is based on secular law, not Church law. The Free Exercise Clause does not provide immunity to churches for alleged violations of duties imposed by secular law.

*Id.* at *11. The Court therefore denies this portion of the Church's motion resting on the First Amendment.[1]

---

[1] The Church has also filed a separate motion on this identical First Amendment issue (filed as docket 399) and the Court will deny that motion for the same reasons expressed above.

**Memorandum Decision & Order – page 4**

The Church argues next that Doe XII cannot establish a false statement or omission of material fact. However, as the Court has held in past decisions, there are questions of fact over whether the Church created a false sense of safety by endorsing the Scouting program as the official program of the Church and holding certain Scout leaders out as trustworthy, moral men to whom Scouts should look up to and obey. The Court will therefore deny this portion of the Church's motion.

Finally, the Church argues that the Plaintiffs' "institutional betrayal" and "loss of faith" claims violate the First Amendment. But permitting Doe XII to examine the emotional distress and psychological damages he suffered in connection with alleged sexual abuse in no way involves the matters of church government, faith, or religious doctrine, and does not offend the First Amendment. The Court would note that the Church has filed a separate motion, *see Motion (Dkt. No. 397),* that contains, among other contentions, this same argument, and the Court will issue a separate decision on that other motion with the same ruling on this identical issue.

**Motion to Clarify – Conclusion**

The Court finds that because it did not address the Church's arguments as to Doe XII made in the omnibus motion for summary judgment, it did not intend to grant summary judgment against Doe XII in its decision. The Court has now addressed the Church's arguments made against Doe XII in the omnibus motion and has declined to adopt those arguments. Accordingly, the Court will grant in part and deny in part the Church's motion to clarify the decision on the omnibus motion for summary judgment.

The Court will grant the motion to the extent it asks for clarification – set forth above – but deny the motion to the extent it seeks summary judgment against Doe XII.

**<u>Church's Motion to Exclude Evidence of Church Discipline of Arnold</u>**

The Church moves to exclude any evidence that it failed to impose ecclesiastical discipline on Larren Arnold, who abused plaintiff Doe XII. In response, Doe XII states that he "will not argue that the Church Defendants should have excommunicated, disfellowshipped, or imposed ecclesiastical discipline against Larren Arnold." *See Doe XII Brief (Dkt. No. 467)* at p. 1. Instead, Doe XII will introduce evidence that the Church did not remove Arnold as a Scout leader or warn anyone, including Doe XII and his family, about Arnold's dangerousness as a Scout leader.

The Court has previously held that "[p]laintiffs must be allowed to make argument, and introduce evidence, related to a duty to disclose dangers – in essence a duty to warn – as part of their constructive fraud claim." *See Memorandum Decision (Dkt. No. 537)* at pp. 7-8. The Church's "alleged knowledge of Arnold's dangerousness is a factor triggering a duty to disclose simply by virtue of the information disparity." *Tom Doe, supra,* at *10. The record contains some indication that Arnold was abusing Scouts prior to his abuse of Doe XII and that the Church was made aware of that abuse. *See Memorandum Decision (Dkt. No. 455)* at p. 14. Thus, evidence that the Church did not remove Arnold as a Scout leader or warn anyone, including Doe XII and his family, about Arnold's dangerousness as a Scout leader could be directly relevant to the constructive fraud claim and to punitive damages. Of course, this will depend on the way the evidence comes in at trial, and the Church remains free to object during trial to this

**Memorandum Decision & Order – page 6**

evidence. But it is enough to hold now that the evidence is not so clearly irrelevant that it must be excluded prior to trial. The Church's motion will therefore be denied.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to clarify (docket no. 394) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it asks for clarification – set forth above – but denied to the extent it seeks summary judgment against Doe XII.

IT IS FURTHER ORDERD, that the motion to exclude evidence (docket no. 399) is DENIED.

IT IS FURTHER ORDERED, that the motion to exclude evidence of Church discipline of Arnold (docket no. 396) is DENIED.

DATED: May 14, 2019

_____
B. Lynn Winmill
U.S. District Court Judge