UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOES I-XIX, and JOHN ELLIOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho,<br><br>    Defendant. | Case No. 1:13-cv-00275-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it (1) a motion filed by the Church to exclude evidence of post-abuse conduct, (2) a motion filed by the Church to exclude evidence of pre-1966 conduct, and (3) a motion by BSA (joined by the Church) to exclude evidence of post-representation evidence. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny the motions.

## ANALYSIS

The Church's motion to exclude evidence of post-abuse conduct seeks to exclude (1) any evidence that Larren Arnold – who abused Doe XII – abused other Scouts after the last date of his abuse of Doe XII, and (2) any evidence related to abuse perpetrated by other scout leaders in Church-sponsored scout troops that occurred after Doe XII's abuse. The Church has also filed a motion to exclude any evidence of pre-1966 conduct, specifically conduct in 1964 regarding Arnold's abuse of another Scout. BSA's motion (in which the Church has joined) seeks to exclude any evidence related to abuse of Doe XII that postdates defendants' alleged misrepresentations or, in the alternative, any evidence of abuse occurring after the first instance of abuse.

The date Doe XII claims he was first abused by Arnold was in the fall of 1974, following his twelfth birthday in October 1974. *See Doe XII Deposition (Dkt. No. 300-15)* at p. 61. The second and final abuse took place about a month or two after the first abuse. *Id.*

The Court has scheduled a jury trial for July 29, 2019, limited to the issue of whether Doe XII settled his claims with BSA and the Church by signing separate release agreements with each defendant. A follow-on trial to resolve Doe XII's constructive fraud claim will occur only if that first jury finds that Doe XII did not settle his constructive fraud claims. Moreover, defendants' statute of limitations defense will not be tried as part of the trial on the settlement issue – the limitations issue will instead be tried as part of the constructive fraud trial if no settlement is found.

Because the only issue currently set for trial is the settlement issue, the Court need not decide now whether post-abuse, post-misrepresentation, or pre-1966 conduct is relevant to anything other than the settlement issue. That issue is simple. Doe XII signed separate release agreements with BSA and the Church. As to the Church, the issue is whether the release agreement signed by Doe XII "expresses the unambiguous intention of the parties to preclude Doe XII from bringing a constructive fraud claim." *See Memorandum Decision (Dkt. No. 240)* at p. 6. Doe XII will argue that the intent and language of the agreement is limited to claims arising from the abuse and does not include claims arising from constructive fraud. The Church will counter that both claims were included in the agreement.

With regard to BSA, Doe XII will argue that the release agreement he signed is limited to claims arising from an "accident," an ambiguous term that Doe XII argues does not include claims for constructive fraud. BSA will argue otherwise.

In other words, the settlement issue as to the Church and BSA will turn on the intent of the parties and the language of two separate release agreements. While there was some brief discussion in the motions, there was no in-depth analysis of how post-abuse conduct, post-misrepresentation conduct, or pre-1966 conduct relates (or does not relate) to the intent of the parties in signing the release agreements at issue. The result is that the Court does not have the briefing it needs to make an informed decision on these motions to exclude. Moreover, even with further briefing, the Court would most likely wait until trial to see the evidence proffered in context before it could issue a ruling.

Accordingly, the Court will deny the motions at this time, without prejudice to the rights of defendants to object to the evidence during the settlement trial.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude evidence of post-abuse conduct (docket no. 359), the motion to exclude pre-1966 conduct (docket no. 360), and the motion re post-representation evidence (docket no. 381) are DENIED without prejudice to the rights of defendants to raise objections to the evidence at trial.

DATED: May 14, 2019

B. Lynn Winmill
U.S. District Court Judge