IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| JOHN DOES I-XIX and JOHN ELLIOTT, Plaintiffs, v. BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho, Defendants. | Case No. 1:13-cv-00275-BLW<br><br>**MEMORANDUM DECISION & ORDER** |
|---|---|

## INTRODUCTION

The Court has before it the Church's motion to exclude evidence regarding the validity of the Settlement Agreement. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant in part and deny in part the motion.

## BACKGROUND

On July 29, 2019, the Court will hold a trial limited to the issue whether the two separate Settlement Agreements entered into between Doe XII and the two defendants – the Scouts and LDS Church – include a release of Doe XII's claim for constructive fraud. In an earlier decision, the Court granted a partial summary judgment to the defendants

**Memorandum Decision & Order – page 1**

dismissing Doe XII's claims that the Settlement Agreements were void on the grounds of mistake, fraud, or duress, but finding that questions of fact remained for a jury as to whether the Agreements included a release of Doe XII's constructive fraud claim. *See Memorandum Decision (Dkt. No. 240) at pp. 9-11.*

That ruling, the Church now argues, warrants excluding from evidence at that trial any evidence or argument concerning fraud, mistake or duress relating to the Settlement Agreement. More specifically, the Church seeks to exclude any evidence that during the signing of the Settlement Agreement, the Church representative (1) told Doe XII that the Church's offer was non-negotiable; (2) told Doe XII that he had no viable legal claims or that his claims were all time-barred, and (3) failed to advise Doe XII to seek independent legal counsel relating to the settlement. The Church also seeks to exclude any evidence about Doe XII's financial or mental state, including that (1) he was a "drowning man," (2) he was crying, and (3) he asked for the Church's help in finding a job. The Church argues that all of this evidence is relevant to Doe XII's mistake/duress claim that the Court dismissed and is irrelevant to the issue of the parties' intent.

Doe XII responds that he "does not intend to argue that the settlement agreement procured by the Church Defendants in 2001 is invalid due to fraud, mistake, or duress, or that the Church Defendants breached the settlement agreement." *See Brief (Dkt. No. 458)* at p. 2. But Doe XII objects to banning the six areas of evidence listed above because the entire circumstance of the signing must be examined by the jury to determine the intent of the parties.

## ANALYSIS

**Memorandum Decision & Order – page 2**

The issue at trial will be the intent of the parties. Intent "is gleaned from the totality of the circumstances." *Coulter & Smith Ltd. v. Russell,* 966 P.2d 852, 858 (Ut.Sup.Ct. 1998).[1] That phrase – totality of the circumstances – defines the scope of relevant evidence. It connotes a broad inquiry, including an evaluation of all the circumstances surrounding the signing of the Agreements. Any remarks made by either party concerning the legal claims at issue would be relevant. For example, the Church seeks to exclude any evidence that its representative told Doe XII that he had no viable claims (and that his claims were all barred by the statute of limitations), implying that Doe XII would not be giving up anything by signing the release. But since Doe XII's constructive fraud claim was at least arguably viable at that time, the Church's remark might mean that the Agreement was not intended to release any arguably viable claims, like the constructive fraud claim. In other words, the Church's remark has some relevance and should not be excluded on relevance grounds.

The same cannot be said about the Church Representative's suggestion that the offer was non-negotiable and the Church Representative's failure to advise Doe XII to seek the advice of counsel. The Court fails to see how those statements provide any insight into the parties' intent and understanding as to whether the settlement agreement was broad enough to cover a constructive fraud claim. And, there is a substantial possibility that this evidence could be interpreted by jurors as an attempt by the Church to

---

[1] In the Court's earlier opinion, it held that Utah law governs in this case. *See Memorandum Decision (Dkt. No. 240).*

**Memorandum Decision & Order – page 3**

compel Doe XII, under duress, to sign the Agreement, essentially reviving Doe XII's affirmative defenses that were struck by the Court. The Court concludes that the evidence has little, if any, relevance, and whatever marginal relevance it may have is substantially outweighed by the danger of prejudice and confusion of the issues.

The Church also seeks to exclude any evidence about Doe XII's financial or mental state, including that (1) he was a "drowning man," (2) he was crying, and (3) he asked for the Church's help in finding a job. The relevance of these statements is ephemeral at best: They could mean that Doe XII was so desperate that he (1) agreed to a broad release that included his constructive fraud claim or (2) could not have formed the intent to release his constructive fraud claim. These two inferences cancel each other out and leave a juror stranded. Even if some drops of probative value could be squeezed from the evidence, they must be weighed against the substantial danger that this evidence could gin up sympathy for Doe XII and revive his duress defense that was struck by the Court. Some of this prejudice remains even after the mitigation measures previously discussed and is enough to substantially outweigh the slight probative value. The Court will therefore exclude this evidence under Rule 403.

## Conclusion

In conclusion, the Court will grant in part the motion to exclude. The Court will exclude any evidence of Doe XII's financial or mental state, including that (1) he was a "drowning man," (2) he was crying, and (3) he asked for the Church's help in finding a job. The Court will also exclude any evidence that the Church stated that its offer was

**Memorandum Decision & Order – page 4**

non-negotiable and that it failed to advise Doe XII to seek the advice of counsel before signing the settlement agreement.

The Court will deny the motion to the extent it seeks to exclude evidence that the Church's representative told Doe XII that he had no viable legal claims or that his claims were all time-barred.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude re settlement agreement (docket no. 402) is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent it seeks to exclude evidence of Doe XII's financial or mental state, including that (1) he was a "drowning man," (2) he was crying, and (3) he asked for the Church's help in finding a job. The motion is also granted to the extent it seeks to exclude evidence that the Church's Representative stated that the offer was non-negotiable and failed to advise Doe XII to seek the advice of counsel. The motion is denied in all other respects.

DATED: June 4, 2019

B. Lynn Winmill
U.S. District Court Judge