UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOES I-XIX, and JOHN ELLIOTT,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho,<br><br>    Defendants. | Case No. 1:13-cv-00275-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a motion to exclude the testimony of John Rumel filed by the Church and joined by BSA. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant in part and deny in part the motion.

## BACKGROUND

Professor Rumel teaches law at the University of Idaho Law School. Plaintiffs intend to call him as a "summarization witness under Federal Rule of Evidence 1006

**Memorandum Decision & Order – page 1**

and/or 611." *See Exhibit C (Dkt. No. 403).* Plaintiffs explain that he will not offer expert testimony but will instead be asked to summarize documentary evidence that

> *tends to prove* or support Plaintiffs' claims of constructive fraud against Defendants. Mr. Rumel may be asked to summarize or identify documentation *tending to prove* that Defendants represented that scouting was safe from the danger of child molestation. He may be asked to summarize and/or identify documents that *tend to prove* that scouting was not safe because of the danger of child molestation. He may be asked to summarize or identify documents that *tend to prove* that Defendants knew that scouting was not safe because of the danger of child molestation. He may be asked to summarize or identify documents that *tend to prove* that Defendants promoted, encouraged and helped create a relationship of trust and confidence between scoutmaster and scout. The documents Mr. Rumel may summarize and/or identify for the jury include the documents identified in Exhibit 1, attached hereto, and any document produced or described in any discovery by any party to this litigation.

*Id.* at p. 2 (emphasis added). The documents listed in Exhibit 1 include three IV Files – those of Arnold, Schmidt, and Empey. But plaintiffs expand that list in their responsive brief to this motion, asserting that Professor Rumel will be asked "to point out among the thousands of pages of IV Files instances where BSA said things, in writing, that show it was intentionally covering up child molestation in Scouting . . . ." *Plaintiffs' Brief (Dkt. No. 469)* at pp. 6-7. Indeed, plaintiffs will attempt through Professor Rumel to introduce into evidence "hundreds (nearly a thousand or more) IV Files containing thousands of pages of documents . . . ." *Id.* at p. 7.

In addition to these IV Files, plaintiffs will also introduce through Professor Rumel "hundreds, if not thousands of pages of other documents produced by defendants." *Id.* There documents include BSA Handbooks, BSA Charters & Bylaws, BSA Rules & Regulations, BSA Annual Reports to Congress, BSA promotional material including

**Memorandum Decision & Order – page 2**

videos, Church Handbooks, and documents regarding the relationship between the Church and BSA. *See Exhibit 1 (Dkt. No. 403).*

Professor Rumel's testimony, defendants argue, is not admissible under either Rule 611 (a) or Rule 1006, because his testimony is not a summary contemplated by these Rules but instead contains legal opinions. Defendants also point out that plaintiffs have never identified what portions of the thousands of documents Professor Rumel will rely upon in his summary testimony.

## LEGAL STANDARD

Rule 1006 permits "use [of] a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Because Rule 1006 is limited to voluminous "writings, recordings, or photographs," it does not allow a witness to summarize previously admitted oral testimony. *U.S. v. Baker,* 10 F.3d 1374, 1411 (9th Cir. 1993), *overruled on other grounds, U.S. v. Nordby,* 225 F.3d 1053 (9th Cir. 1995). But *Baker* did allow a summary of oral testimony under Rule 611(a), which authorizes the court to "exercise reasonable control over the mode . . . of . . . presenting evidence so as to (1) make these procedures effective for determining the truth, [and] (2) avoid wasting time . . . ." To support that ruling, *Baker* cited to the leading treatise on evidence. *See 5 Jack B. Weinstein and Margaret A. Berger, Weinstein's Evidence,* ¶ 1006[03] (1993) (stating that a summary "prepared by a witness from his own knowledge to assist the jury in understanding or remembering a mass of details . . . is admissible, not under Rule 1006, but under such general principles of good sense as are embodied in Rule 611(a)").

**Memorandum Decision & Order – page 3**

Since *Baker* "[t]here is no legitimate dispute that the Ninth Circuit allows the use of non-expert summary witnesses." *U.S. v. Singh,* 2017 WL 4700042 at *3 (E.D. Ca. Oct. 19, 2017). But *Baker* cautions that this use should be limited to "exceptional cases," and is "generally the purpose and province of closing argument . . . ." *Baker,* 10 F.3d at 1412.[1]

## ANALYSIS

The Court begins by addressing that portion of Professor Rumel's testimony where he intends to simply read from selected documents; the Court will address later in this decision his intent to comment on what the document "tends to prove."

The sheer mass of documentation in this case warrants some type of summary witness. There are thousands of pages of underlying documents that would overwhelm and confuse jurors unless counsel could work with a witness to read from certain documents.

Such summaries are governed by either Rule 1006 or Rule 611(a), and plaintiffs offer Rumel's testimony under both Rules. The Court finds that Rule 611(a) is a better fit than Rule 1006 for several reasons. First, Rule 1006 contemplates admitting into evidence a summary of documents too voluminous to be introduced into evidence themselves, but here plaintiffs intend to offer into evidence the underlying documents. *See Trust v. Apple Inc.,* 2013 WL 12094821 at *11 n. 13 (S.D.Ca. May 7, 2013) (quoting

---

[1] While *Baker* involved a summary of trial testimony, its analysis applies with equal strength here.

3 Saltzburgh, et al., *Federal Rules of Evidence Manual* 611 (10 ed., 2011) (stating that "Rule 611(a) is much more apt authority [than Rule 1006] for summaries of evidence that has already been presented at trial").

Second, Rule 1006 contemplates that the summary be admitted into evidence yet the "summary" here will be the testimony of Professor Rumel reading selected portions of the documents. He is not an expert, and his testimony is not evidence in itself – the evidence is the document from which he will read. Rule 611(a), unlike Rule 1006, treats Professor Rumel's testimony as mere demonstrative evidence requiring a limiting instruction warning jurors that he is not testifying as an expert, that his testimony is not evidence, and that the jurors will be the final judges of what the documents mean. *U.S. v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991).

For these reasons, the Court will allow Professor Rumel to read from certain documents, admitted into evidence, pursuant to Rule 611(a). In allowing that limited testimony, however, the Court will exclude any evidence concerning Professor Rumel's career, qualifications, or personal background. If the jury hears that he is a law professor, they will give his testimony weight it does not deserve. Instead, Professor Rumel will function as a document reader, simply reading portions of documents identified by counsel.

The Court will address next his intent to comment on the documents he reads from, and to discuss what the document "tends to prove." For example, plaintiffs will ask Professor Rumel "to point out among the thousands of pages of IV Files instances where BSA said things, in writing, that show it was intentionally covering up child molestation

**Memorandum Decision & Order – page 5**

in Scouting . . . ." *Plaintiffs' Brief (Dkt. No. 469)* at pp. 6-7. As another example, plaintiffs will have him testify that "Scoutmaster's Handbooks encourage the Scoutmaster to spend time alone with the boys for 'personal growth conferences,' thus giving the child molester cover for wanting to spend time alone with his victim." *Id.*

In these representative examples, Professor Rumel will be going beyond just reading from documents but will also be commenting on what the documents "tend to prove" – that is, offering his opinion concerning how specific documents satisfy various elements of constructive fraud. This testimony is nothing but an expert legal opinion rendered by a witness who has not been designated as an expert. Such testimony is inadmissible. *See Nationwide Transport v. Cass Information,* 523 F.3d 1051, 1058 (9th Cir. 2008) (excluding opinion testimony in the form of legal conclusions).

For the same reasons, counsel for Doe XII cannot include in their questions to Professor Rumel any commentary on the relevance of a document to the elements of constructive fraud. To illustrate the scope of the Court's ruling, the Court sets forth two contrasting questions below, one allowed, the other prohibited:

> *Prohibited Question:* "Professor Rumel, in your review of the documents, did you find documents showing that the Boy Scouts had knowledge of abuse?"
>
> *Allowed Question:* "Professor Rumel, please read the second full paragraph on page 5 of Exhibit X."

These examples should make clear that Professor Rumel will function simply as a document reader. *See U.S. v. Safavian,* 435 F.Supp.2d 36, 42 (D.D.C. 2006) (allowing

**Memorandum Decision & Order – page 6**

FBI agent as a summary witnesses to read from admitted emails but excluding "any testimony beyond the bare fact of what words appear on a particular e-mail").

Plaintiffs complain that these random readings without explanation will confuse the jury. That underestimates jurors' capability and is temporary in any event. Any confusion will last no longer than closing argument when counsel has an opportunity to explain how the passages read by Professor Rumel satisfy the elements of constructive fraud. *Baker,* 10 F.3d at 1412 (stating that a summary of testimony is "generally the purpose and province of closing argument").

Finally, the Court will address defendants' concern that plaintiffs have not revealed the passages that Professor Rumel will read during his testimony. The substantive trial date for Doe XII has not yet been set and awaits the result of the trial on the settlement issue. If that jury finds that Doe XII did not settle his constructive fraud claim, and a trial date is set to resolve that claim, the Court will require that thirty days after that jury verdict, Doe XII shall provide to defendants a list of the documents that Professor Rumel will read from as part of his summary and identify the passages in those documents that he intends to read. The defendants will be under the same deadline if they elect to use a witness to testify in a similar manner.

## Conclusion

In conclusion, the Court will grant in part and deny in part the motion to exclude Professor Rumel's testimony. The Court will deny that part of the motion that seeks to exclude testimony from Professor Rumel where he is simply reading from an admitted

document. The Court will grant that part of the motion seeking to exclude any testimony (or questions from counsel) regarding the following matters:

1. Professor Rumel's career, profession, education, or personal background;

2. Any commentary or opinion about the documents from which he reads or what they tend to prove.

3. Any questions from counsel directed to Professor Rumel characterizing in any way the document that counsel wants him to read.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude Rumel summary (docket no. 401) is GRANTED IN PART AND DENIED IN PART, based on the decision above.

DATED: June 11, 2019

_____
B. Lynn Winmill
U.S. District Court Judge